John P. Lorang and Clare Lorang, Plaintiffs-Appellees, v. Donald A. Heinz, Defendant-Appellant.

Gen. No. 68–151.

Second District.

May 22, 1969.

Gates W. Clancy, of Geneva, for appellant.

Charles J. Myler, Ruddy, Myler and Bartsch, and Charles A. Darling, of Aurora, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

This is an interlocutory appeal from a judgment on a jury verdict of liability in a separated trial.

The action was brought by plaintiffs to recover damages from defendant for injuries received when their automobile was struck by defendant's car, being driven by a thief who had stolen it some ten days prior to the accident. Defendant's car, when stolen, had been left unoccupied in a parking lot of a shopping center with the keys in the ignition and the motor running.

The cause went to trial on the amended complaint which charged common-law negligence in leaving the automobile unattended, with the motor running and the key in the ignition. (The original complaint had charged a

violation of section 92 of the Uniform Act Regulating Traffic on Highways (Ill Rev Stats 1963, c 95½, par 189).[1] This was dismissed on motion which alleged that the acts charged were on private property and thus not within the statute. No appeal has been taken from the order striking the original complaint.)

Plaintiffs rely principally on authorities decided under the statute, supra, to support their view that the foreseeability of theft and resulting injury to another, arising out of leaving a car unattended, with the key in the ignition and the motor running in a private as well as in a public area, raises a common-law duty, the breach of which constitutes negligence. They contend that the question of whether such negligence was the proximate cause of the injuries to plaintiffs became a jury question and that the verdict of the jury is properly supported by the record.

Defendant argues that, absent the statute, there is no *duty* to so manage a motor vehicle, in the circumstances found here, to anticipate the independent crime of a thief and his willful or negligent driving thereafter "absent special knowledge of probable imminent theft if he leaves his keys in the ignition." Defendant further argues that the evidence clearly negates any such special knowledge; and that, in any event, there was no proximate causal connection between the acts of negligence charged and an accident ten days later.

We agree with the defendant and will reverse the judgment below.

---

[1] "189. Unattended motor vehicles.) Sec 92. No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition and removing the key, or when standing upon any perceptible grade without effectively setting the brake thereon and turning the front wheels to the curb or side of the highway. As amended by act approved July 5, 1957. L 1957, p 1163."

While leaving the ignition key in an unattended motor vehicle in a place frequented by the public, though privately owned, without other special circumstances may impose a duty to proprietary interests in the vehicle based on the reasonable foreseeability of car thefts, we do not find a similar common-law duty to one injured by the thief who drives the vehicle.

A classic principle of tort law, often stated in the Illinois cases, is that every person owes a *duty* to every other person to exercise ordinary care to guard against injury which may naturally flow as a reasonable, probable and foreseeable consequence of his acts. The duty does not rest on contract, privity of interest or the proximity of the relationship between the parties, but extends to remote and unknown persons. Wintersteen v. National Cooperage & Woodenware Co., 361 Ill 95, 103, 197 NE 578 (1935) ; Allegretti v. Murphy-Miles Oil Co., 363 Ill 137, 140, 1 NE2d 389 (1936) ; Kahn v. James Burton Co., 5 Ill2d 614, 622, 126 NE2d 836 (1955). Questions of breach of duty and proximate cause of injuries are usually questions of fact, but whether *any duty exists* is a question of law. Allegretti v. Murphy-Miles Oil Co., supra, pages 141, 142.

Obviously, every risk which is *foreseeable* does not create a *duty* to an injured person. In addition, the likelihood of injury, the magnitude of the burden guarding against it, and the desirability of placing the burden upon a defendant must also be considered. Lance v. Senior, 36 Ill2d 516, 518, 224 NE2d 231 (1967).

In the Lance case the Supreme Court affirmed the action of the trial judge in dismissing a complaint which charged the defendant with negligently and carelessly permitting and allowing a nine-year-old child to play with a needle, with the resulting injury when it was swallowed. In Pitts v. Basile, 35 Ill2d 49, 52, 53, 219 NE 2d 472 (1966) no duty was raised by the sale of darts to grocery stores as a matter of law although the com-

plaint alleged a propensity of darts to cause serious injuries, as demonstrated by the injuries suffered by the infant plaintiff in that case. Similarly, giving of a boomerang for use of a child imposed no liability as a matter of law, notwithstanding the foreseeability of injury. Maramba v. Neuman, 82 Ill App2d 95, 104, 227 NE2d 80 (1967).

 It might well be argued that it is reasonably foreseeable that entrusting a motor vehicle to another, particularly to a minor or an aged person, will result in accidents, noting the high rate of accidents in those age brackets. However, our courts have ruled that a motor vehicle is not a dangerous instrumentality per se, and that the owner is not liable to one injured at the hands of a third person absent an agency relationship or absent authorization to such person, known to be incompetent or reckless, to drive a car. Arkin v. Page, 287 Ill 420, 428, 123 NE 30 (1919); Barton v. Williams, 4 Ill App2d 266, 269, 124 NE2d 356 (1955); Brill v. Davajon, 51 Ill App2d 445, 452, 201 NE2d 253 (1964).

In the case of Richards v. Stanley, 271 P2d 23 (1954), a case substantially similar to this case on its facts, the court stated on pages 26, 27:

> "The problem is not answered by pointing out that there is a foreseeable risk of negligent driving on the part of thieves. There is a foreseeable risk of negligent driving whenever anyone drives himself or lends his car to another. That risk has not been considered so unreasonable, however, that an owner is negligent merely because he drives himself, or lends his car to another, in the absence of knowledge on his part of his own or the other's incompetence. Moreover, by leaving the key in the car the owner does not assure that it will be driven, as he does when he lends it to another. At most he creates a risk that it will be stolen and driven. The risk that it will be negligently driven is thus materi-

455

ally less than in the case in which the owner entrusts his car to another for the very purpose of the latter's use.

"In one sense the problem presented involves the duty of the owner of an automobile so to manage it as not to create an unreasonable risk of harm to others. It bears emphasis, however, that when Mrs. Stanley left the car it was in a position where it could harm no one, an(d) no harm occurred until it had been taken by a thief. Thus a duty to prevent such harm would involve more than just the duty to control the car, it would involve a duty to prevent action of a third person. Ordinarily, however, in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing harm to another. Lane v. Bing, 202 Cal 590, 592, 262 P 318; see, Ellis v. D'Angelo, 116 Cal App2d 310, 317, 253 P2d 675; Restatement, Torts, Sec 315; Harper and Kime, The Duty to Control the Conduct of Another, 43 Yale LJ 886. Moreover, this rule is applicable even in cases in which the third person's conduct is made possible only because the defendant has relinquished control of his property to the third person, at least if the defendant has no reason to believe that the third person is incompetent to manage it. . . .

". . . By leaving the key in her car she at most increased the risk that it might be stolen. Even if she should have foreseen the theft, she had no reason to believe that the thief would be an incompetent driver. In view of the fact that the risk of negligent driving she created was less than the risk she might intentionally have created without negligence by entrusting her car to another, and in the light of the rule that she owed no duty to protect plaintiff from harm resulting from the activities of third persons,

we conclude that her duty to exercise reasonable care in the management of her automobile did not encompass a duty to protect plaintiff from the negligent driving of a thief."

Plaintiffs have placed considerable reliance on Ney v. Yellow Cab Co., 2 Ill2d 74, 117 NE2d 74 (1954). In that case a taxicab had been left by its operator unattended on a Chicago street with the engine running and the key in the ignition. A thief stole the taxicab and while in flight ran into plaintiff's vehicle causing property damage. In affirming the judgment of the plaintiff, the court held that the violation of section 92 of article XIV of the Uniform Traffic Act (supra) was prima facie evidence of negligence, and whether the injury was a proximate cause of the violation of the statute was a question for the jury under the circumstances of the case. The court noted the increase in the number of motor vehicles and the increased casualties from traffic accidents, the increased incident of automobile thefts and the damages and injuries resulting from such larcenous escapades, as requiring a recognition of the probable danger of resulting injury consequent to permitting a motor vehicle to become easily available to an unauthorized person by violation of the statute.

The court, however, was not dealing with a common-law *duty* but was instead considering the probable motivation and legislative intent involved in the passage of the statute in question. There the duty was imposed by statute and its violation was held to be prima facie negligence, the statute being construed as intended for the benefit of persons who might be injured by the operation of stolen cars rather than being considered as an antitheft measure as the defendant argued in the case.

Kacena v. George W. Bowers Co., Inc., 63 Ill App2d 27, 211 NE2d 563 (1965) also dealt with the duty imposed by the statute, and as in Ney the principal issue was

whether or not the violation of the statute was the proximate cause of the plaintiff's injuries.

While there is some suggestion in Childers v. Franklin, 46 Ill App2d 344, 197 NE2d 148 (1964) that leaving a car unattended with the key in the ignition on private property was negligent, the opinion does not go into the question of the duty of the defendant, but affirms the finding of the trial court to the effect that the acts of the defendant were not the proximate cause of plaintiff's injuries.

While we note that authorities in other jurisdictions are divided on the question of the existence of a common-law duty in the situation before us, we see no valid reason to enlarge the common-law duties found in the Illinois cases based on agency or entrusting vehicles to incompetent drivers. We are of the opinion that if the common-law duty of an owner to exercise reasonable care in the management of his automobile is to be extended to protect a plaintiff from the negligent driving of a thief, this decision should be left to the legislature which can decide the basic issue of public policy, can analyze and review the statistics and the necessity for the rule—all of which we can note only in a general sense.

There was no evidence to charge defendant with knowledge of any special circumstances sufficient to raise a duty to anticipate the independent criminal acts of the third person.

Plaintiff contends that the Ney case, supra, establishes the rule that it is foreseeable that the leaving of a car, vulnerable to a thief, can be the proximate cause of an injury to a third person. We agree with this.

 Defendant would not be relieved from liability by the intervening negligent driving of a thief, assuming the duty existed to guard plaintiff from that cause of injury. In Ney, that duty was created by statute and the question of proximate cause was properly one for the jury. Here, we find no such duty at common law, nor do we

458

reach the question of whether proximate cause includes an incident beyond the period of flight. (Ney, supra, involved that period. Our Appellate Courts are seemingly in conflict as to whether a collision after the flight of a thief has terminated, as here, is within the foreseeability test of proximate cause. Childers v. Franklin, supra, page 355, and Kacena v. George W. Bowers Co., Inc., supra, page 39.)

We hold that the trial court erred in submitting the issues of negligence and proximate cause to the jury. We, therefore, reverse the judgment below and enter judgment for defendant.

Reversed.

ABRAHAMSON and DAVIS, JJ., concur.