JAMES HARPER et al., Plaintiffs-Appellants, v. SEYMOUR EPSTEIN et al., Defendants-Appellees.

(No. 56978; ■■■■■

First District (3rd Division)—January 3, 1974.

Greenberg, Ziv & McCarthy, of Chicago, for appellants.

Harold W. Gautier, Jr., of Chicago, for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiffs, James Harper and Alfreda Jenkins, brought actions to recover damages from the defendants, Seymour Epstein and C & M Parking, Inc. The trial court granted Epstein's motion for summary judgment from which no appeal has been taken. The court also granted the motion of C & M Parking to strike the plaintiffs' amended complaints and dismissed the actions. It is from those judgments that the plaintiffs appeal.

The amended complaints alleged that on or about December 26, 1970, Seymour Epstein left his automobile in the parking lot owned by C & M Parking at 227 West Van Buren Street, Chicago. Subsequently, the auto was stolen from the parking lot, and on or about March 27, 1971, it violently collided with the automobiles belonging to the plaintiffs which were parked at or near 1100 South Lyle Street, Chicago. C & M was charged with negligence in leaving the ignition keys in Epstein's auto, in failing to keep a proper lookout over the auto, in failing to maintain adequate security so that it would not be stolen, in permitting unknown persons including thieves to enter the premises and steal the auto, and in otherwise negligently managing and controlling its place of business. ■■ The plaintiffs contend that the trial court erred in striking their complaints as they assert C & M Parking was under a duty to refrain from negligence which proximately caused injury to them. We agree with the plaintiffs that a person owes to all others the duty of exercising care to guard against injury which may naturally flow as a reasonably prob-

able and foreseeable consequence of his action. (*Stankowitz v. Goldblatt Bros., Inc.* (1963), 43 Ill.App.2d 173, 193 N.E.2d 97.) From this truism, however, the plaintiffs conclude that a person's duty is merely a question of foreseeability—a factual determination to be made by the jury or the court as the trier of the facts. Such is not the law. It has been aptly observed that after the event, hindsight makes every occurrence foreseeable. (*Lance v. Senior* (1967), 36 Ill.2d 516, 224 N.E.2d 231.) Whether the law imposes a duty does not depend upon foreseeability alone; the likelihood of the injury, the magnitude of the burden of guarding against it, and the desirability of placing the burden upon the defendant must also be considered in determining the preliminary question of whether the duty exists. *Wall v. McGavock* (1971), 132 Ill.App.2d 231, 267 N.E. 2d 765.

Illinois courts recognize two classes of cases involving the duty of locking an automobile and removing the key from the ignition after parking it. The first deals with automobiles parked on a public street and left unattended, unlocked, and with the ignition keys inside of them, in violation of the statute prohibiting such conduct. (Ill. Rev. Stat. 1971, ch. 95½, par. 11—1401.) If such an auto is stolen and subsequently collides with other vehicles, the owner of the stolen auto is held to be negligent under the statute. (*Ney v. Yellow Cab Co.* (1954), 2 Ill.2d 74, 117 N.E.2d 74; *Kacena v. George W. Bowers Co.* (1965), 63 Ill.App.2d 27, 211 N.E.2d 563.) The statutory provision is deemed a public safety measure, the violation of which constitutes a prima facie cause of action for negligence and may, under some circumstances, be the proximate cause of the damage or injury.

The second class of cases involve automobile owners who park their autos on private property but fail to lock them or remove the ignition keys. If such an auto is stolen and driven in a manner which brings injury to persons or damage to property, the owner of the stolen auto cannot be held negligent under the statute because his automobile was parked on private property rather than on a street at the time of its theft. (*Stanko v. Zilien* (1961), 33 Ill.App.2d 364, 179 N.E.2d 436.) Further, the owner of such a stolen vehicle is not liable for common law negligence. The argument for the imposition of common law liability in this circumstance was rejected in *Stanko v. Zilien,* where our court sustained the trial court's decision granting the defendant a summary judgment. We noted that there was no causal connection between leaving the keys in the automobile and the accident, which occurred 12 days after the car was stolen and several miles from the scene of the theft.

██ In *Lorang v. Heinz* (1969), 108 Ill.App.2d 451, 248 N.E.2d 785, the court found that the leaving of the ignition key in an unattended

motor vehicle, parked in a place privately owned and frequented by the public, imposed no common law liability toward a person injured by a thief driving the vehicle. We agree with that determination, and under the facts of the present case find no reason to impose upon the owner of a parking lot any greater duty than that imposed on the owner of a vehicle parked on private property. No special circumstances were alleged which would have put the defendant on notice that a theft was likely to be perpetrated upon a vehicle in its lot. In the absence of a legislative enactment regarding vehicles left in parking lots similar to the law concerning those parked on public streets, we cannot hold that a duty existed which compelled the defendant to anticipate that a vehicle might be stolen from its lot and might at a future date be driven in a manner that would injure other persons or property.

The trial court did not err in granting the motion to strike the complaints and in dismissing the actions, and the judgments will be affirmed.

Affirmed.

McNAMARA, P. J., and McGLOON, J., concur.