LARRY RUYLE *et al.*, Plaintiffs-Appellants, *v.* FRANK REYNOLDS *et al.*, Defendants-Appellees.—(IAN WESCOTT, Defendant.)

Fourth District   No. 13219

Opinion filed November 10, 1976.—Rehearing denied December 28, 1976.

Richard Shaikewitz, of Wiseman, Shaikewitz, McGivern & Wahl, of Alton, and Maurice W. Kepner, of Springfield, for appellants.

Michael J. Costello, of Springfield, for appellee Frank Reynolds.

Rammelkamp, Bradney, Hall & Dahman, of Jacksonville (Robert E. Bradney, of counsel), for appellee Tommie Richards.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

The plaintiffs, six members of the Ruyle family and the administrator of the estate of Eliza Ruyle, appeal the dismissal of their complaint against defendants Richards and Reynolds. The action arose out of an automobile accident that killed Eliza Ruyle and injured the other plaintiffs. For the purposes of a motion to dismiss, the facts alleged in the complaint are taken as true. The plaintiffs have alleged the following facts.

On August 11, 1972, the defendant Richards, alleged to have been the agent of defendant Reynolds, was driving Reynolds' 1959 Chevrolet El Camino. Richards drove the vehicle to a National food store in the city of Springfield and parked it in the parking lot belonging to the corporation owning the National store premises. Richards left the vehicle unattended and failed to either lock the doors or remove the keys from the ignition. The vehicle was then stolen by defendant Wescott, against whom the complaint was not dismissed. Wescott was a teenager who was not licensed to operate a motor vehicle in Illinois. The accident occurred when Wescott negligently caused the El Camino to cross the center line of the highway and collide with the vehicle being driven by the plaintiff Larry Ruyle and occupied by the other plaintiffs.

The complaint against defendants Richards and Reynolds was predicated on four separate theories of liability. The allegedly negligent acts of defendant Richards were imputed to Reynolds on a theory of agency. Each defendant moved to dismiss the counts of the complaint directed to them on the basis that the complaint did not state a cause of action. We reverse in part.

■■ The trial court was correct in dismissing the counts of the complaint which were based on a theory of attractive nuisance. It was the contention of the plaintiffs that an unlocked vehicle with the keys in the ignition standing in an area frequented by teenagers represented an attractive nuisance. The doctrine of attractive nuisance has, however, been abandoned by the Illinois Supreme Court in *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836. There, our supreme court repudiated the doctrine of attractive nuisance in favor of an ordinary negligence approach to the allowance of recovery for injuries to trespassing minors.

■■ Likewise, the trial court was correct in its holding that the complaint failed to allege facts sufficient to support the cause of action on the theory expounded in *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74. There, the supreme court held that what is now section 11—1401 of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 11—1401) was designed to protect the public health and safety and the violation of that statute which provides "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, * * * and removing the ignition key * * *" constituted prima facie negligence. The rule of *Ney* has, however, been limited to application, like the statute itself, to cases involving public streets. Several cases following *Ney* where vehicles were left unattended on private property have applied instead the common law rules of negligence and have not allowed the application of the "prima facie negligence" standard of the statute. (*Harper v. Epstein* (1974), 16 Ill. App. 3d 771, 306 N.E.2d 690; *Kessler v. Lepiane* (1966), 69 Ill. App. 2d 1, 216 N.E.2d 241; *Stanko v. Zilien* (1961), 33 Ill. App. 2d 364, 179 N.E.2d 436.) Here, the vehicle was parked on property owned or controlled by the National food store and not on a public street. The statute and *Ney* are therefore inapplicable and the trial court was correct in dismissing those parts of the complaint predicated on a theory of a violation of this statute.

■■ The plaintiff next contends that even if the statute did not reach the National parking lot, an ordinance then in force in the city of Springfield did apply. That ordinance reads, in pertinent part, as follows:

"(a) No person driving or in charge of a motor vehicle shall permit it to stand unattended in any public place without first stopping the engine, locking the ignition, removing the ignition key from the vehicle, effectively setting the brake thereon or otherwise placing such vehicle in a properly parked position. * * *" (City of Springfield, Ill., Motor Vehicle and Traffic Regulations, §30.334 (1972).)

Using this ordinance, the plaintiffs attempt to make the same prima facie showing of negligence that was recognized in *Ney* with regard to a violation of the State statute.

In their motions to dismiss, the defendants argued successfully that the city of Springfield, a home rule unit, was without authority to adopt a regulation of this sort. Prior to the adoption of the 1970 Illinois Constitution, units of municipal government were empowered to regulate motor vehicles in only those ways permitted by a specific act of the General Assembly. (*Watson v. Chicago Transit Authority* (1973), 12 Ill. App. 3d 684, 299 N.E.2d 58.) Under the new constitution, however, home rule units are allowed to make any and all regulations not specifically prohibited by the General Assembly. (Ill. Const. 1970, art. VII, §6; see *Johnny Bruce Co. v. City of Champaign* (1974), 24 Ill. App. 3d 900, 321

N.E.2d 469.) Such a limitation has been enacted in the form of section 11—208.2 of the Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—208.2):

> "The provisions of this Chapter of this Act limit the authority of home rule units to adopt local police regulations inconsistent herewith except pursuant to Sections 11—208 and 11—209 of this Chapter of this Act."

The ordinance under consideration here plainly does not fit under either sections 11—208 or 11—209. The former allows municipalities to establish parking and standing regulations so long as signs alerting motorists as to the nature of those regulations is posted. There is no evidence that such notice was posted here. The latter section allows municipal governments to contract with, among others, shopping centers to regulate parking and traffic in the parking areas of such businesses. There is no evidence that such a contract has been entered into by the city of Springfield and the National food store here. The validity of the ordinance, then, must rest solely on the powers of home rule units apart from sections 11—208 and 11—209.

We have examined the Illinois Vehicle Code for provisions regulating off-street parking and find none. It cannot be said, therefore, that section 11—208.2 limiting the powers of home rule units renders void the ordinance at issue here as the ordinance is not inconsistent with the traffic laws and regulations of the State. If anything, it is in the language of the statute prohibiting like conduct on streets and highways and merely extends the same rule to off-street parking facilities. (See Ill. Rev. Stat. 1973, ch. 95½, par. 11—1401.) The Constitution directs that the home rule powers of local government be construed liberally. To invalidate the obvious exercise of Springfield's home rule power would require a tortured construction of the statute limiting those powers. That, in turn, would require us to disavow the mandate of the Constitution.

■■ It is clear that the ordinance here is applicable to the facts at hand. The parking lot from which this vehicle was stolen is privately owned but is a public place. The plaintiffs have cited us to numerous authorities which define the term "public place." (See, e.g., 48 C. J. 1215 (1929).) Suffice to say that where property is open to the public for the use of the public at the invitation, if not solicitation, of the owner, that property is and becomes a public place within the ambit of the ordinance.

■■ Once established as controlling, however, the question of what effect a violation of the ordinance has upon the respective liabilities here must be examined. In *Watson*, a transit authority bus driver violated a city of Chicago ordinance requiring buses to stop within 18 inches of the curbs when taking on and discharging passengers. The court there held that "[a] violation of an ordinance constitutes prima facie evidence of negligence

and creates a cause of action if it is the proximate cause of the resulting injuries." (12 Ill. App. 3d 684, 691, 299 N.E.2d 58, 63.) This of course corresponds to the rule of *Ney* which held that the violation of a statute designed for the protection of the public safety establishes a prima facie case of negligence. Our supreme court recently extended that analysis to administrative regulations designed for the protection of the public safety in *Davis v. Marathon Oil Co.* (1976), 64 Ill. 2d 380, 356 N.E.2d 93. We must hold that the same analysis applies to the violation of municipal ordinances designed for like purposes. While the court in *Ney* also restated the principle that proximate cause is a question of fact for determination by the jury, we hold the allegations of the plaintiffs' complaint are sufficient to withstand a motion to dismiss. It was error for the trial court to dismiss the counts of the complaint predicated on this theory.

Plaintiffs also included in their complaint counts predicated on a theory of common law negligence. In essence, they allege that given the neighborhood of the parking lot it was foreseeable that a thief would steal the El Camino and that therefore defendants Richards and Reynolds are liable for the subsequent negligence of that thief. Defendants contended in their motions to dismiss that even if they did leave the keys to the El Camino in the ignition, such conduct was not actionable negligence. In support of that position, they cite *Lorang v. Heinz* (1969), 108 Ill. App. 2d 451, 248 N.E.2d 785, and *Harper*.

In *Lorang*, a car was left in a parking lot with its motor running and the thief who stole it negligently caused an accident with the car 10 days after the theft. The court found a lack of proximate cause between the theft and the subsequent accident because of the length of the intervening period. In *Harper*, the court noted that there were "[n]o special circumstances * * * which would have put the defendant on notice that a theft was likely to be perpetrated upon a vehicle in its lot." (16 Ill. App. 3d 771, 774, 306 N.E.2d 690, 692.) The plaintiffs here alleged special circumstances which, if proved, may have made the theft here foreseeable. The question of proximate cause is for the jury to determine.

The dismissal of the counts in the complaint based on attractive nuisance and the alleged violation of section 11—1401 of the Vehicle Code is affirmed. The dismissal of the other counts is reversed and the cause is remanded for further proceedings.

Affirmed in part, reversed in part, and remanded.

GREEN and REARDON, JJ., concur.