Argued and submitted March 19, affirmed September 15, 1982

ITAMI et al,
*Respondents,*
*v.*
BURCH et al,
*Defendants,*
BLAIR et al,
*Appellants.*

(No. A7901-00009, CA A21563)

650 P2d 1092

Janet M. Schroer, Portland, argued the cause for appellants. With her on the briefs were Ridgway K. Foley, Jr., and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Raymond Conboy, Portland, argued the cause for respondents. With him on the briefs were John S. Stone and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Before Gillette, Presiding Judge, and Warden, and Young, Judges.

YOUNG, J.

## YOUNG, J.

Appellants appeal from a judgment based on a jury verdict, awarding plaintiffs property damage which resulted from the following events: appellants failed to remove the key from the ignition of a pickup truck, the truck was stolen, and the thief recklessly drove into the plaintiffs' greenhouse.[1] Appellants' motions for directed verdict and judgment notwithstanding the verdict were denied. They contend that there was insufficient evidence of their negligence, as a matter of law, to present a jury question.

The facts are viewed in the light most favorable to the plaintiffs. During the early morning hours of January 22, 1978, an intoxicated juvenile entered on appellants' real property at 72nd Avenue and Powell Boulevard in Portland and proceeded to steal their truck,[2] which had been parked with the key left in the ignition.[3] Police officers spotted the thief as he drove carelessly down the street. A chase ensued, and the thief lost control of the vehicle and crashed into plaintiffs' greenhouse.

Appellants testified that the Powell Boulevard property was in an average middle-class neighborhood. Powell Boulevard was described as being a busy four-lane street. Sometime in the past, the residence had been burglarized.

Deputy sheriff Zapp testified that most vehicle thefts involve young people taking vehicles for "joy rides." Frequently, the stolen vehicles were left unlocked with the key in the ignition. Officer Beecraft, a Portland police

---

[1] Defendant Wesley Webster Anthony Burch, the driver of the pickup, and his parents, defendants Wesley Burch and Bernice Burch, covenanted out of the case prior to trial. They are not parties to this appeal. Defendant Willis G. Blair is the owner of the truck. Defendant Daniel Blair left the key in the ignition. They are the appellants. Because there is no reason to distinguish between them, we will refer to them collectively as "appellants."

[2] The real property served as a residence and an office. It is not clear from the record whether the truck was parked in the driveway or the parking lot. It is conceded that the truck was parked on private property. A municipal ordinance and a statute making it unlawful to leave the key in the ignition of an unattended vehicle are not applicable in this action, because the truck was parked on private property.

[3] The question whether the key was in the ignition of the truck at the time of the theft was contested at trial, but appellants concede the issue on appeal.

officer, confirmed that, characterizing the average vehicle theft as "a crime of opportunity." Zapp also testified that there is a high rate of accidents with stolen vehicles due to the thief's lack of concern with the property involved. He also testified, however, that many stolen cars are returned to their owners undamaged.

■ The issue on appeal is whether there was sufficient evidence of appellants' negligence to warrant the submission of the question to the jury. They argue that plaintiffs are required to show special circumstances that would apprise them of the likelihood of harm created by the failure to remove the key from the ignition of the truck. They base this contention on *Mezyk v. National Repossession,* 241 Or 333, 405 P2d 840 (1965), the only Oregon case to address this question. In *Mezyk,* the court held that an owner of a vehicle owes a duty to third persons injured by a negligent thief if the owner *negligently* leaves the key in his car. 240 Or at 337. A defendant's liability does not arise from the mere fact that he failed to remove the key from the ignition but rather from a showing that it was unreasonable for him to do so.

> . "Whether or not the defendant was negligent depends upon whether or not the defendant's conduct in leaving the keys in the car created a likelihood of harm to the plaintiff. This question in turn can be subdivided: (1) Should the defendant have foreseen that someone might very well steal his car because he left the keys in it; and (2) Should he have foreseen that the thief would drive negligently?" *Mezyk v. National Repossession, supra,* 241 Or at 338.

The question whether a reasonable person in appellants' position would have foreseen risks of injury to the plaintiff is a question of fact for the jury. *Christensen v. Epley,* 287 Or 538, 566, 601 P2d 1216 (1979); *Brennen v. City of Eugene,* 285 Or 401, 414, 591 P2d 719 (1979); *Stewart v. Jefferson Plywood Co.,* 255 Or 603, 607, 469 P2d 783 (1970). Accordingly, our role on review is a limited one. As Justice O'Connell stated in *Stewart v. Jefferson Plywood Co., supra:*

> "The jury is given a wide leeway in deciding whether the conduct in question falls above or below the standard of reasonable conduct deemed to have been set by the community. The court intervenes only when it can say that the

actor's conduct clearly meets the standard or clearly falls below it." 255 Or at 607.

The conduct under examination is appellants' failure to remove the ignition key from the car. In deciding if it was negligent to do so, the jury has to determine if that conduct created a recognizable danger, *i.e.,* a risk sufficiently great that a reasonable person would anticipate the likelihood of harm. This inquiry has been articulated as the foreseeability test of negligence:

> "* * * one is negligent only if he, as an ordinary reasonable person, ought reasonably to foresee that he will expose another to an unreasonable risk of harm. Foreseeability is an element of fault; the community deems a person to be at fault only when the injury caused by him is one which could have been anticipated because there was a reasonable likelihood that it could happen." *Stewart v. Jefferson Plywood Co., supra,* 255 Or at 609.

Plaintiffs contend that the evidence produced at trial was sufficient to raise a jury question of negligence. They emphasize police testimony regarding the likelihood of teenage "joyriders" stealing a vehicle with a key in the ignition and the probability that such "joyriders" would drive negligently and cause damage. The truck was parked on private property in an urban area, at night, where other vehicles were also parked. The parking area served a building which, according to the testimony, had been burglarized at some time in the past. On these facts, we cannot say that the harm suffered by plaintiffs was out of the range of what is reasonably foreseeable as a matter of law. Reasonable minds could differ as to whether appellants should have foreseen that the truck would be stolen and driven negligently. A rational trier of fact could find them negligent in failing to remove the key from the ignition of the truck. The denial of appellants' motions was not error.

Affirmed.