CATHY HENSLER, Plaintiff-Appellant, v. RONALD DEAN RENN, Defendant-Appellee.

Fifth District   No. 5—86—0806

Opinion filed March 1, 1988.

Rice Law Offices, of Belleville (Philip R. Rice, of counsel), for appellant.

Brennan, Cates & Constance, P.C., of Belleville (Michael B. Constance and Rosemary McGuire, of counsel), for appellee.

JUSTICE LEWIS delivered the opinion of the court:

The plaintiff, Cathy Hensler, brought an action to recover damages from defendant, Ronald Dean Renn, for personal injuries and property damage she sustained when her vehicle was struck by defendant's van. Defendant's vehicle had been stolen and, at the time of the collision, was driven by the auto thief. The circuit court granted defendant's motion for summary judgment and plaintiff appealed.

Plaintiff's original complaint, filed September 12, 1983, alleged the following facts. On September 17, 1982, defendant parked his van at the Super America store in Belleville, Illinois, and left the van unlocked and unattended with the keys in the ignition. The van

was stolen and ultimately driven through a red traffic light and into an intersection where it struck plaintiff's vehicle broadside. The complaint alleged that defendant acted negligently when he left his van unattended with the keys in the ignition "in a public place" in violation of section 11—1401 of the Illinois Vehicle Code (Code) (Ill. Rev. Stat. 1983, ch. 95½, par. 11—1401).

On October 7, 1986, defendant filed a motion for summary judgment noting that Super America was privately owned and arguing that "the taking of a vehicle from a private lot is inactionable as there is no statute because [*sic*] there is no common law liability." Defendant cited *Childers v. Franklin* (1964), 46 Ill. App. 2d 344, 197 N.E.2d 148, and *Ruyle v. Reynolds* (1976), 43 Ill. App. 3d 905, 357 N.E.2d 804, as supporting authority.

■ Defendant's motion for summary judgment was denied on the condition that plaintiff file an amended complaint. Specifically, the court directed plaintiff to amend paragraph eight of her original complaint. Paragraph eight alleged a violation of section 11—1401 of the Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—1401), which provides:

> "No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key from the ignition, effectively setting the brake thereon and, when standing upon any perceptible grade, turning the front wheels to the curb or side of the highway."

Section 11—1401 of the Code has been held to impose liability only where a person parks on a public street. *Ruyle*, 43 Ill. App 3d at 907, 357 N.E.2d at 806.

On October 12, 1986, plaintiff filed an amendment to her complaint, striking paragraph eight and inserting the following:

> "The Defendant negligently and carelessly left the said step-van unattended late in the evening on a Friday night with the keys in the ignition in a public place that has a continuous stream of people arriving and departing on foot as well as by vehicle."

On October 22, 1986, defendant filed an additional motion for summary judgment noting, *inter alia*, that the defendant's van had been parked in a private lot owned by Super America and that at common law there was no duty on a driver to remove his keys from a vehicle parked on private property. The court granted defendant's motion for summary judgment.

On appeal, plaintiff contends that a common law negligence

action should lie where the owner of a vehicle leaves it unattended, with the keys in the ignition, in a privately owned convenience store parking lot, and the vehicle is stolen and involved in a collision. Plaintiff also argues that the circuit court erred in granting defendant's motion for summary judgment where she alleged "special circumstances."

■■ ■ Summary judgment is properly granted where the pleadings and other evidence raise no triable issue of material fact and where the movant is entitled to judgment as a matter of law. (*Village of Rosemont v. Lentin Lumber Co.* (1986), 144 Ill. App. 3d 651, 494 N.E.2d 592.) The question of the existence of a duty in an action alleging negligence is a question of law properly addressed in a motion for summary judgment. *Horrell v. City of Chicago* (1986), 145 Ill. App. 3d 428, 495 N.E.2d 1259.

■■ As noted in *Harper v. Epstein* (1974), 16 Ill. App. 3d 771, 773, 306 N.E.2d 690, 692:

> "Illinois courts recognize two classes of cases involving the duty of locking an automobile and removing the key from the ignition after parking it. The first deals with automobiles parked on a public street and left unattended, unlocked, and with the ignition keys inside of them, in violation of the statute prohibiting such conduct. (Ill. Rev. Stat. 1971, ch. 95½, par. 11—1401.) If such an auto is stolen and subsequently collides with other vehicles, the owner of the stolen auto is held to be negligent under the statute. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74; *Kacena v. George W. Bowers Co.* (1965), 63 Ill. App. 2d 27, 211 N.E.2d 563.) ***
>
> The second class of cases involve automobile owners who park their autos on private property but fail to lock them or remove the ignition keys. If such an auto is stolen and driven in a manner which brings injury to persons or damage to property, the owner of the stolen auto cannot be held negligent under the statute because his automobile was parked on private property rather than on a street at the time of its theft. (*Stanko v. Zilien* (1961), 33 Ill. App. 2d 364, 179 N.E.2d 436.) Further, the owner of such a stolen vehicle is not liable for common law negligence."

The court in *Harper* concluded, "No special circumstances were alleged which would have put the defendant on notice that a theft was likely to be perpetrated ***." (*Harper*, 16 Ill. App. 3d at 774, 306 N.E.2d at 692.) One case mentioned in *Harper* was *Lorang v. Heinz* (1969), 108 Ill. App. 2d 451, 248 N.E.2d 785.

In *Lorang*, a car was left unattended in a parking lot of a shopping center with its motor running. The thief who stole it negligently caused an accident with the car 10 days after the theft. After a lengthy discussion of the duty owed by the vehicle's owner to the person injured by the thief's negligent driving, the court found no duty at common law. The court stated:

> "While leaving the ignition key in an unattended motor vehicle in a place frequented by the public, though privately owned, without other special circumstances may impose a duty to proprietary interests in the vehicle based on the reasonable foreseeability of car thefts, we do not find a similar common-law duty to one injured by the thief who drives the vehicle." (108 Ill. App. 2d at 454, 248 N.E.2d at 786.)

The court further stated that it was not reaching "the question of whether proximate cause includes an incident beyond the period of flight." 108 Ill. App. 2d at 459, 248 N.E.2d at 789.

Both *Lorang* and *Harper* were discussed in *Ruyle v. Reynolds*. In *Ruyle*, the following facts were alleged. Defendant Richards, alleged to have been the agent of defendant Reynolds, parked Reynolds' vehicle in a National food store parking lot in Springfield. Richards left the vehicle unattended and failed to lock the doors or remove the keys from the ignition. The vehicle was stolen by defendant Wescott, a teenager who was not licensed to operate a motor vehicle in Illinois. Wescott negligently caused the vehicle to cross the center line of the highway and collide with plaintiffs' vehicle.

The complaint in *Ruyle* was predicated on four separate theories of liability. The appellate court held that the counts based on attractive nuisance had been properly dismissed. Likewise, the cause of action based on violation of section 11—1401 of the Code had been properly dismissed since the vehicle had not been parked on a public street. The appellate court found that two of plaintiff's theories of liability had been improperly dismissed. One such theory was based upon a Springfield ordinance similar to section 11—1401 of the Illinois Vehicle Code except that it applied to a "public place" rather than a public street. The other theory was one of common law negligence.

In *Ruyle*, the plaintiff alleged that, given the neighborhood of the parking lot, it was foreseeable that a thief would steal the vehicle and defendants were therefore liable for the subsequent negligence of the thief. Defendants contended that their conduct was not actionable negligence, citing *Lorang* and *Harper*.

The appellate court distinguished *Lorang* by noting that the accident in *Lorang* occurred 10 days after the theft. The court stated that the *Lorang* court "found a lack of proximate cause between the theft and the subsequent accident because of the length of the intervening period." (*Ruyle*, 43 Ill. App. 3d at 909, 357 N.E.2d at 808.) Contrary to the *Ruyle* court's pronouncements otherwise, the court in *Lorang* specifically stated that it did not reach the question of "whether proximate cause include[d] an incident beyond the period of flight." (*Lorang*, 108 Ill. App. 2d at 459, 248 N.E.2d at 789.) The basis for the *Ruyle* court's distinction does not exist.

The court in *Ruyle* distinguished *Harper* by noting that in that case the court had observed that there were no special circumstances which would have put the defendant on notice that a theft was likely to occur. (*Ruyle*, 43 Ill. App. 3d at 909, 357 N.E.2d at 808.) We agree that there may be a distinction of significance in this respect.

An allegation that a particular neighborhood is a high crime area might be a basis for imposing upon a vehicle owner or driver a duty to take the keys out of his ignition. We are unwilling, however, to extend the duty to one who parks his vehicle in an area which is heavily trafficked, as in the instant case, absent additional allegations showing that a theft is likely to occur. Plaintiff's allegation in the amendment to her complaint, stating that there was "a continuous stream of people arriving and departing on foot as well as by vehicle," is simply insufficient to constitute "special circumstances" so as to avoid the holdings of *Lorang* and *Harper*.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

HARRISON, P.J., and WELCH, J., concur.