HALLMARK INSURANCE COMPANY, as Subrogee of Exchange National Bank, *et al.*, Plaintiffs-Appellants, v. CHICAGO TRANSIT AUTHORITY, Defendant-Appellee.

First District (2nd Division)   No. 87—2512

Opinion filed January 31, 1989.

Johnson, Cusack & Bell, Ltd., of Chicago (Paul J. Wisner and Steven I. Rapaport, of counsel), for appellants.

Joyce A. Hughes, of Chicago Transit Authority, and William G. Clark, Jr., & Associates, Ltd., both of Chicago (William G. Clark, Jr., and Ilene Davidson Johnson, of counsel), for appellee.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiffs seek to recover property damages they sustained when the driver of a stolen Chicago Transit Authority bus lost control of the vehicle and struck their building. They appeal from the trial court's granting of summary judgment in favor of defendant.

Plaintiffs' second amended complaint contains two counts of negligence against the CTA, the first based on a violation of the City of Chicago's municipal code and the second on common law negligence. Plaintiffs allege that on January 12, 1982, an unnamed individual took unauthorized control of a CTA bus which was located in a bus barn owned and operated by defendant, and, after removing the bus from the property, drove it into a building owned by plaintiffs, causing

damage thereto. Plaintiffs further allege that defendant had left the bus unattended, without first stopping the engine, locking the ignition and removing the key.

Choosing not to file an answer, defendant moved for summary judgment instead, attaching a stipulation between the parties that defendant's bus was removed from its property without the permission, authorization, consent or knowledge of defendant. In response, plaintiffs argued that they had sufficiently alleged special circumstances to put in issue that defendant knew or should have known of a great likelihood that the bus would be stolen, thus raising a genuine issue of material fact. Following a hearing the trial court dismissed plaintiffs' cause with prejudice, stating:

> "But, counsel, these allegations are rather conclusory. There are no facts to support this allegation, certainly not in your amended second complaint or, indeed, in your response to the motion for summary judgment.
>
> * * *
>
> I don't see the allegation of special circumstances here."

Plaintiff then filed a motion for rehearing and reconsideration, to which it attached as an exhibit a document previously produced by defendant: a study of bus thefts from defendant's property. After questioning plaintiffs' counsel on why this document was not furnished to the court previously, the trial judge denied their motion. Plaintiffs now appeal.

OPINION

■ We first note that defendant brought a motion for summary judgment in order to challenge the legal sufficiency of plaintiffs' complaint. It seems needless to point out that this is not the proper procedure, for our supreme court has stated:

> "To combine an inquiry into whether a pleading is sufficient to state a cause of action with an examination which almost necessarily assumes that a cause of action has been stated and proceeds to determine whether there are any material issues of fact to be tried is likely to confuse both the parties and the court. *** We therefore expressly disapprove the procedure followed in the trial court." (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605.)

Yet, here, although defendant argued that there was no genuine issue of material fact, the complaint, the motion for summary judgment, the response thereto and a stipulation were the only documents filed with the trial judge, and her ruling was based solely on the insuffi-

ciency of the allegations of plaintiffs' complaint. The more appropriate motion to have brought in a case such as the one at bar would have been one to strike or dismiss pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615); however, because the parties presented it and the judge decided it at the trial level as a motion for summary judgment, that is the motion we shall address on appeal.

Plaintiffs contend that there is a question of fact as to whether defendant is liable for common law negligence. The liability of owners of vehicles which are stolen by a third party has been discussed in a number of cases. *Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 117 N.E.2d 74; *Hensler v. Renn* (1988), 166 Ill. App. 3d 819, 520 N.E.2d 1110; *Ruyle v. Reynolds* (1976), 43 Ill. App. 3d 905, 357 N.E.2d 804; *Harper v. Epstein* (1974), 16 Ill. App. 3d 771, 306 N.E.2d 690; *Lorang v. Heinz* (1969), 108 Ill. App. 2d 451, 248 N.E.2d 785.

■ Most recently, in *Hensler,* the trial court granted defendant's summary judgment motion in an action for damages for the personal injury and property damage plaintiff sustained when her car was struck by defendant's van. Plaintiff alleged that defendant was negligent in leaving his van in a store parking lot unlocked and unattended with the keys in the ignition. The court noted that the owner of a stolen vehicle is not liable for common law negligence absent " 'special circumstances *** which would have put the defendant on notice that a theft was likely to be perpetrated' " (*Hensler,* 166 Ill. App. 3d at 822, quoting *Harper v. Epstein* (1974), 16 Ill. App. 3d 771, 774, 306 N.E.2d 690), and held:

> "An allegation that a particular neighborhood is a high crime area might be a basis for imposing upon a vehicle owner or driver a duty to take the keys out of his ignition. We are unwilling, however, to extend the duty to one who parks his vehicle in an area which is heavily trafficked, as in the instant case, absent additional allegations showing that a theft is likely to occur. Plaintiff's allegations in the amendment to her complaint, stating that there was 'a continuous stream of people arriving and departing on foot as well as by vehicle' is simply insufficient to constitute 'special circumstances' ***." 166 Ill. App. 3d at 824.

In discussing "an allegation that a particular neighborhood is a high crime area" the *Hensler* court (166 Ill. App. 3d at 824) was referring to *Ruyle v. Reynolds* (1976), 43 Ill. App. 3d 905, 357 N.E.2d 804. In that case, plaintiffs alleged that defendant Richards, the agent of defendant Reynolds, parked Reynolds' car in a food store parking

lot unattended and failed to lock the doors or remove the key from the ignition. After the car was stolen, the thief caused it to collide with the plaintiffs' vehicle. The appellate court reversed the dismissal of plaintiffs' common law negligence count, holding that the allegation that "given the neighborhood of the parking lot it was foreseeable that a thief would steal" the car was sufficient to allege "special circumstances which, if proved, may have made the theft here foreseeable." *Ruyle*, 43 Ill. App. 3d at 909.

■■ Here, plaintiffs alleged in their complaint:

"That at the aforementioned time and place, and prior thereto, the defendant well knowing its duty in this regard carelessly and negligently caused and permitted said passenger bus while on the premises of said bus barn, to be stolen, although the defendant knew, or in the exercise of ordinary and reasonable care should have known of the great likelihood that said passenger bus would or could be stolen from such bus barn in so far as defendant knew or, in the exercise of ordinary care, should have known that on numerous prior occations [*sic*] this and other passenger buses had been stolen from said bus barns owned and operated by the Chicago Transit Authority."

Plaintiffs alleged that, because a number of other buses had been stolen from its barns, defendant knew or should have known that the occasion for theft was likely to reoccur. (It is unclear from the record whether the bus which is the subject of this suit had been stolen before and whether that is what plaintiffs intended when they alleged in their complaint, as we have noted above, that "this and other passenger buses had been stolen from said bus barns"; however, the complaint is sufficient even if that allegation is disregarded.) If true, and considered under the rubric of legal insufficiency it would have to be taken as true, this allegation would be sufficient to establish foreseeability on the part of defendant. Considered under the standards governing summary judgments, it would still have to be taken as true, since the allegation was undenied, unexplained, and unrebutted by defendant. To require plaintiffs to plead anything more in their complaint would be to compel them to plead evidence, a practice not suggested in any way by the history of our Civil Practice Law, our rules of court, or by any of the applicable decisions. Moreover, our Civil Practice Law provides that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." (Ill. Rev. Stat. 1987, ch. 110, par. 2—603(c).) It further provides that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or de-

fense which he or she is called upon to meet." (Ill. Rev. Stat. 1987, ch. 110, par. 2—612(b).) Accordingly, we hold that the trial court incorrectly found that plaintiffs' allegations were conclusory and insufficient to charge special circumstances; it therefore erred in granting summary judgment.

Plaintiffs attached to their motion for rehearing and reconsideration a document produced by defendant approximately a year previously, entitled "Study of All Bus Thefts from All Bus Garages." The study indicates that there were 27 incidents of buses stolen from CTA garages during the period January 1977 to December 1979, three of which were stolen from the same garage as the bus which was stolen in this case. The three thefts occurred during the period January 1978 through March 1978, approximately four years prior to the theft in this case. Plaintiffs contend that the mere fact that defendant kept this study indicates it was aware of a problem with buses being stolen from its garages. They also assert that it is a reasonable inference that, since there have been so many incidents of buses stolen from garages, it was foreseeable that a theft could have occurred at any garage at any time. Plaintiffs accordingly urge that since there was clearly a fact issue raised as to whether there were special circumstances present in this case, specifically, whether the theft was foreseeable, summary judgment should not have been granted.

Plaintiffs also aver that defendant significantly failed to present evidence to refute or even address their allegations of foreseeability in their motion for summary judgment, and that, therefore, they did not have the burden of presenting evidence in support of their allegations. *Motz v. Central National Bank* (1983), 119 Ill. App. 3d 601, 605, 456 N.E.2d 958 ("[T]he movant must present evidence which precludes any possible liability before the party opposing summary judgment is required to present some factual basis by way of counteraffidavit which would arguably entitle him to judgment").

Defendant responds that it is well settled that the opponent to a summary judgment motion cannot simply stand by, but is required to raise any defenses and produce evidence tending to show a question of fact exists. (*Murphy v. Urso* (1980), 83 Ill. App. 3d 779, 404 N.E.2d 287.) Further, where, as here, the movant supplies facts which, if uncontradicted, entitle it to judgment, the opposing party cannot rely alone on his complaint, even when the complaint standing alone presents a genuine issue of material fact. (*Pefferle v. Young* (1966), 72 Ill. App. 2d 440, 218 N.E.2d 247.) Defendant also contends that the study does not raise a question of fact, because there were no thefts from this particular garage for four years preceding this theft.

Both parties cite decisions from other jurisdictions to support their positions. Defendant relies on *Kaelin v. Nuelle* (Mo. App. 1976), 537 S.W.2d 226, in which a pick-up truck owned by defendant was stolen and collided with plaintiff's vehicle. The trial court granted defendant's motion for a directed verdict, and the appellate court affirmed, stating:

> "We hold that here, where the only evidence is that defendant Nuelle parked his pick-up truck in a garage stall, on private property, locked the doors of the truck and left it there with a key in the ignition, the plaintiff, as a matter of law, failed to adduce sufficient evidence of negligence or proximate causation to make a submissible case even though there was some evidence that defendant Nuelle's place of business had, over a period of 5 years, experienced some eight or nine burglaries and this same pick-up truck had been removed from the premises for a short distance on two prior occasions. The trial court committed no error in directing a verdict for Mr. Nuelle and we rule this point against plaintiffs." 537 S.W.2d at 231.

In response, plaintiffs cite *Itami v. Burch* (Or. App. 1982), 59 Or. App. 400, 650 P.2d 1092, in which the appellate court affirmed a jury verdict for plaintiff, stating:

> "The truck was parked on private property in an urban area, at night, where other vehicles were also parked. The parking area served a building which, according to the testimony, had been burglarized at some time in the past. On these facts, we cannot say that the harm suffered by plaintiffs was out of the range of what is reasonably foreseeable as a matter of law. Reasonable minds could differ as to whether appellants should have foreseen that the truck would be stolen and driven negligently. A rational trier of fact could find them negligent in failing to remove the key from the ignition of the truck." (59 Or. App. at 404, 650 P.2d at 1094.)

Plaintiffs also rely on *Enders v. Apcoa, Inc.* (1976), 55 Cal. App. 3d 897, 127 Cal. Rptr. 751, where the appellate court reversed the dismissal of an action, stating:

> "Plaintiff asserts that the history of prior thefts of autos from defendant Apcoa's parking lots constitutes a 'special circumstance.' Apcoa acknowledges that during the 3-year period preceding the theft of the Ziff automobile, approximately 12 vehicles had been stolen from Apcoa's 68 parking lots, 50 of which operated similarly to the one here involved. Included in these 12 thefts was an earlier theft from the lot in the instant

case. This factor, when measured against the degree of care taken, could assist in establishing the 'special circumstances' necessary to demonstrate that the risk of injury to members of the general public was foreseeable to this defendant." 55 Cal. App. 3d at 904, 127 Cal. Rptr. at 755.

As we have noted above, defendant filed a motion for summary judgment in lieu of answering plaintiffs' complaint. Thus it did not plead to their allegations; much less did it in any way deny them. Because defendant chose to follow this procedure, it assumed, as it must, the burden of showing that there was no genuine issue of material fact to try in this case. However, it failed in this burden; consequently, plaintiffs had no duty to present evidence in support of their allegations. The function of a motion for summary judgment is, of course, to determine the existence of a genuine issue of material fact, as section 2—1005 (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005) plainly states, and not to test the sufficiency of the allegations of the complaint, which is the specifically designated office of a section 2—615 motion (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). (*Delgatto v. Brandon Associates, Ltd.* (1988), 172 Ill. App. 3d 424, 526 N.E.2d 384.) Moreover, as we have previously noted, a motion for summary judgment almost necessarily assumes the sufficiency of the allegations of the complaint. (*Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605; *Delgatto v. Brandon Associates, Ltd.* (1988), 172 Ill. App. 3d 424, 526 N.E.2d 384.) The trial judge clearly erred in granting summary judgment; she erred just as plainly when she refused to reconsider her ruling.

Because this case must be remanded to the trial court for further proceedings, we need not address plaintiff's remaining claims of error.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and this case is remanded for further proceedings.

Reversed and remanded.

HARTMAN and BILANDIC, JJ., concur.