HENDRY, Judge.
This is an appeal from a summary final judgment entered in favor of the defendants in an action for damages resulting from the alleged negligent operation of an automobile by the thirteen year old daughter of one of the defendants.
The facts are not in dispute. Atlantic Associates, Inc. owned an automobile and allowed Henry Roberts the unrestricted use of it for an indefinite period. Just prior to the time this automobile was *921 placed in the hands of Roberts, his thirteen year old daughter by a previous marriage came from Orlando to live with her father and stepmother. During the four to six week period Roberts was using the automobile, the keys were left on the dresser when the car was not being used. Roberts went to Chicago and left the automobile with his wife. Several days later while the daughter was home alone, she took the keys from their usual place on the dresser and drove the automobile to a nearby grocery store. While en route she collided with the automobile of the plaintiffs causing injury to them. At no time prior to the accident was Roberts aware that his daughter ever drove or could drive an automobile.
The plaintiffs sued Atlantic Associates, Inc. and Henry Roberts, alleging that Maurine Roberts, the minor daughter of Henry Roberts, was carelessly permitted to operate an automobile owned by Atlantic Associates, Inc. and entrusted to Henry Roberts! The complaint further alleges that the minor negligently operated or maintained the motor vehicle so that it collided with plaintiff’s motor vehicle. These allegations were denied.
After depositions were takén and affidavits submitted, the defendants moved for and obtained a summary judgment. From these, there was a clear showing that the automobile was being used by the daughter without the express or implied consent of Roberts or Atlantic, and that there was no negligence shown in the leaving of the keys to the automobile on the dresser.
Appellants contend that the trial judge erred in entering summary final judgment. We can not agree.
We have carefully considered the record, briefs and argument in light of the rules enunciated in Holl v. Talcott, Fla.1966, 191 So.2d 40; Susco Car Rental System of Florida v. Leonard, Fla.1959, 112 So.2d 832; and Pearson v. St. Paul Fire & Marine Ins. Co., Fla.App.1966, 187 So.2d 343, which we find to be controlling authorities for the points on appeal, and have concluded that the trial judge correctly entered the summary final judgment appealed. Therefore, the said judgment should be and it is affirmed.
Affirmed.