226 So.2d 100 (1969)
Almond H. THOMAS and Irene Thomas, His Wife, Petitioners,
v.
ATLANTIC ASSOCIATES, INC., a Florida Corporation and Henry Roberts, Respondents.
No. 37942.
Supreme Court of Florida.
July 30, 1969.
Rehearing Denied September 15, 1969.
*101 Robert J. Paterno, of Taylor, Brion, Buker, Hames, Greene & Whitworth, Miami, for petitioners.
Fowler, White, Collins, Gillen, Humkey & Trenam and Fred R. Ober, Miami, for respondents.
ROBERTS, Justice.
This cause is before the court on certiorari granted on direct conflict grounds to review the decision of the District Court of Appeal, Third District, in Thomas v. Atlantic Associates, Inc., Fla.App. 1968, 212 So.2d 920.
The facts, which are not disputed, are stated succinctly in the decision here reviewed, as follows: 
"Atlantic Associates, Inc. owned an automobile and allowed Henry Roberts the unrestricted use of it for an indefinite period. Just prior to the time this automobile was placed in the hands of Roberts, his thirteen year old daughter by a previous marriage came from Orlando to live with her father and stepmother. During the four to six week period Roberts was using the automobile, the keys were left on the dresser when the car was not being used. Roberts went to Chicago and left the automobile with his wife. Several days later while the daughter was home alone, she took the keys from their usual place on the dresser and drove the automobile to a nearby grocery store. While en route she collided with the automobile of the plaintiffs causing injury to them. At no time prior to the accident was Roberts aware that his daughter ever drove or could drive an automobile."
A summary judgment for defendants entered by the trial court was affirmed by the appellate court in the decision here reviewed, the court being of the opinion that the undisputed facts showed that "the automobile was being used by the daughter without the express or implied consent of Roberts or Atlantic, and that there was no negligence shown in the leaving of the keys to the automobile on the dresser." 212 So.2d at page 921.
In support of their petition, the petitioners contend that the decision is in direct conflict with the rules respecting the "dangerous instrumentality" doctrine enunciated in Susco Car Rental System of Florida v. Leonard, Fla. 1959, 112 So.2d 832, and with Holl v. Talcott, Fla. 1966, 191 So.2d 40, and similar cases, as to the *102 propriety of entering summary judgment. Because of an apparent conflict, we issued the writ.
Almost fifty years ago we extended to the operation of automobiles the dangerous instrumentality doctrine already applied in the law of master and servant and principal and agent to such dangerous agencies as fire, flood, water, poisons, loaded firearms, locomotives and street cars. In Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 So. 629, 16 A.L.R. 255 (1920), we said: 
"In intrusting the servant with this highly dangerous agency, the master put it in the servant's power to mismanage it, and as long as it was in his custody or control the master was liable for any injury which might be committed through his negligence. This is the doctrine of the common law as applied to a new instrumentality imminently dangerous to the persons using the public highways."
It was also said in a specially concurring opinion in Herr v. Butler, 101 Fla. 1125, 132 So. 815 (1931), that
"* * * the operator in lawful possession of the car with the consent of the owner in effect operates the car under the authority of the owner's license to use the highways pursuant to Florida statute law, as well as for the benefit of such owner whose agent the operator is, at least to the extent of properly controlling the car, looking after it, preventing damage to it and returning it safely back to such owner who intrusted it."
In Susco, supra, 112 So.2d 832, decided in 1959, we said that
"* * * the logical rule, and, we think, the prevailing rationale of the cases, is that when control of such a vehicle is voluntarily relinquished to another, only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse."
We pointed out in that case, also, that
"In the final analysis, while the rule governing liability of an owner of a dangerous agency who permits it to be used by another is based on consent, the essential authority or consent is simply consent to the use or operation of such an instrumentality beyond his own immediate control. Only to that limited extent is the issue pertinent when members of the public are injured by its operation, and only in a situation where the vehicle is not in operation pursuant to his authority, or where he has in fact been deprived of the incidents of ownership, can such an owner escape responsibility." 112 So.2d at Page 837.
A recent decision by the District Court of Appeal, First District, American Fire & Casualty Company v. Blanton, Fla.App. 1966, 182 So.2d 36, affirmed a judgment holding that the term "implied permission" has come to have a fixed, definite meaning in this jurisdiction under the dangerous instrumentality doctrine, namely, that the owner of a motor vehicle "is relieved from responsibility for its use or misuse only upon a breach of custody amounting to a species of conversion or theft." 182 So.2d at page 38.
In the decision here reviewed, the court simply held that the facts showed that there was no consent, express or implied, on the part of Roberts or the owner to the daughter's use of the car, and no negligence on the part of Roberts in leaving the keys on the dresser. Since it affirmatively appeared that the owner had given its consent to the use or operation of the automobile beyond its own immediate control, the only real issue was whether the owner had "in fact been deprived of the incidents of ownership" or, as stated elsewhere in Susco, there had been "a breach of custody amounting to a species of conversion or theft." Insofar as the decision here reviewed may have failed to take into consideration this question, it is in direct conflict with Susco, supra, 112 So.2d 832.
*103 If the appellate court did consider this issue and concluded that the daughter was guilty of a species of conversion or theft as a matter of law, then its conclusion is in conflict with the many decisions of this court, including Holl v. Talcott, Fla. 1966, 191 So.2d 40, respecting the propriety of entering summary judgment when there is a genuine issue of fact. Cited in support of its decision is Pearson v. St. Paul Fire & Marine Ins. Co., Fla.App. 1966, 187 So.2d 343, in which the same appellate court held that the action of a house guest in surreptitiously removing the keys to a company car from the dresser of the company employee while the employee was sleeping amounted to a species of conversion or theft, so that there was no liability on the part of the company for injuries resulting from the operation of the car by the house guest. We think, however, that there is a distinction between the action of a house guest in stealing into his host's bedroom and appropriating the keys to a car, and those of a daughter of the household in using a car that has apparently been left at the home from time to time and used by other members of the household. As noted, the keys were kept on the dresser at all times when not in use by the father or the stepmother; and to a thirteen-year-old girl accustomed to driving her grandmother's car, this must have seemed like an open invitation to use the car to drive to the grocery store. We think that, in the circumstances here, there was a genuine issue of fact as to whether or not the daughter was guilty of "a species of conversion or theft" in taking the keys and driving the car to the grocery store.
The same circumstances require a finding that the jury should have decided the questions of whether the father was negligent in leaving the keys on the dresser and failing to inquire of his daughter whether or not she drove a car and then prohibiting her from driving (if, indeed, he would have done so, as to which there is no showing), as well as the question of whether such negligence was the proximate cause of the accident.
For the reasons stated, the decision here reviewed should be and it is hereby quashed.
ERVIN, C.J., and DREW and CARLTON, JJ., concur.
RAWLS, District Court Judge, dissents with opinion.
RAWLS, District Court Judge (dissenting):
The uncontradicted evidence reflects a complete absence of knowledge on the part of the father that his 13-year-old child, who had previously resided with her maternal grandmother, had ever driven or attempted to drive an automobile. No facts indicated that the child had a propensity toward any abnormal interest in cars or in driving one. The keys had not been left in the car. The child had no express or implied permission to drive. In my opinion these facts disclose a pure and simple conversion of the automobile by the child without a scintilla of evidence of negligence on the part of either the father or the stepmother.
I can see no valid distinction between this case and the facts in Pearson v. St. Paul Fire & Marine Insurance Co., 187 So.2d 343 (Fla.App. 1st 1966), where the wife's brother was driving without permission, or in the case of the child of a visiting friend taking the keys from the house and driving the car without permission. To hold as the majority has that the parent can subject himself and the owner of the automobile to liability for not locking up the keys upon the premise that one of his children, under driving age, might use the car, is to make the owner and the parent an insurer of the public.
I can find no basis upon which certiorari jurisdiction has been vested in this Court pursuant to Article V, Constitution of the State of Florida.
I dissent.