Gladys A. BROOMS, a married woman, joined by her husband, B. B. Brooms, Plaintiffs,

v.

JAMES LEE MOTOR COMPANY, a Florida corporation, and Maryland Casualty Company, Defendants.

PCA No. 2218.

United States District Court, N. D. Florida, Pensacola Division.

Oct. 23, 1970.

* Filed with opinion.

R. P. Warfield, of Levin, Askew, Warfield, Graff & Mabie, P. A., Pensacola, Fla., for plaintiffs.

C. Douglas Brown, of Isler, Welch, Bryant, Smith, Higby & Brown, Panama City, Fla., for defendants.

OPINION

ARNOW, Chief Judge.

This cause is before this Court on Defendants' motion for summary judgment. This is a negligence suit arising out of an automobile accident. A diversity suit, Florida substantive law applies.

The pertinent facts are undisputed. By the pre-trial stipulation and the depositions on file, it is established that, on the date in question, Plaintiffs' car was struck in the rear by an automobile operated, at the time, by one Mary Olivia Swann. This automobile belonged to Defendant JAMES LEE MOTOR COMPANY, and had been given to one Richard Lee, an employee of the motor company, for use as a demonstrator. Richard Lee and his wife had unrestricted use of the automobile.

On the date of the accident, Mary Swann, nicknamed "Libby", a fifteen-year-old girl, was babysitting at Richard Lee's home for his children while he and Mrs. Lee were away for the afternoon. Libby lived two blocks from the Lees, and had done this for them on various occasions over a two-year period. As a general practice, when Libby was going to babysit for the Lees, either Richard or his wife, Patricia, would pick her up in the car. On this particular occasion, Mrs. Lee picked Libby up. When she drove back to the house, she parked the car in the driveway and left the keys under the front seat on the driver's side. Libby saw Mrs. Lee place the keys under the seat. Libby had previously seen Mrs. Lee place her keys in such position.

After Libby arrived at the Lees' home on this particular date, and the Lees had left for the afternoon, she was visited by several of her friends, including her boyfriend. She and he quarreled, and after his departure, Libby, being angry, decided to take the automobile, which was parked in the driveway, for a drive around town. While out driving, the accident occurred.

In her deposition, Libby testified she had never asked the Lees if she could drive the car, they did not know that she could drive, they had never left the keys

to the car with. her, and she knew she was doing wrong when she took the car. In their depositions, the Lees both stated they had never given Libby authority or permission to drive the car, they did not know she knew how to drive, and they had never seen her drive before.

On the basis of this evidence, Defendants moved for entry of a final summary judgment, stating that there was no genuine issue as to any material fact, and that they were entitled to judgment as a matter of law. The evidence is uncontradicted by Plaintiffs.

Defendants rely on the following three Florida cases: Pearson v. St. Paul Fire & Marine Ins. Co., 187 So.2d 343 (1st D.C.A.Fla.1966); Bryant v. Atlantic Car Rental, Inc., 127 So.2d 910 (2nd D. C.A.Fla.1961); Lingefelt v. Hanner, 125 So.2d 325 (3rd D.C.Fla.1960). Plaintiffs' opposition to the motion is founded on the case of Thomas v. Atlantic Associates, Inc., 226 So.2d 100 (Fla.1969).

Plaintiffs contend there is sufficient evidence before the Court on the question whether the driver of the car had express or implied consent to drive the car at the time of the accident that the motion for summary judgment should be denied. The evidence is undisputed there was no express consent. Respecting implied consent, the following test has been applied by the Florida courts in a factual situation such as this: "Whether the owner had, 'in fact, been deprived of the incidents of ownership' or * * * there had been 'a breach of custody amounting to a species of conversion or theft.'" Thomas v. Atlantic Associates, Inc., supra; Susco Car Rental System of Florida v. Leonard, 112 So.2d 832 (Fla.1959).

■ The facts here are undisputed and susceptible only of an inference justifying the conclusion as a matter of law that Libby's taking of the car was a breach of custody amounting to a species of conversion or theft, and that

there was no implied consent to use the automobile, under the Florida cases, and the Court so finds. In so finding, this Court concludes this case comes within the factual ambit of Pearson v. St. Paul Fire and Marine Ins. Co., supra. In it, the driver of the car was the brother-in-law and house guest of one Austin Brown, who had unrestricted use of a company car. The brother-in-law had previously driven a car owned by Brown with consent, but had not driven the company car. On the day of the accident, the brother-in-law entered the bedroom where the Browns were sleeping, took the keys from the dresser, and used the car to run a personal errand. The Court concluded that such action by the brother-in-law amounted to a species of conversion or theft and that there was no genuine issue on the question of consent and permission.

Plaintiffs contend Thomas v. Atlantic Associates, Inc., supra, is controlling here on the question whether absence of implied consent can be found as a matter of law or should be left to the jury. In *Thomas*, the thirteen-year-old daughter of Roberts used a company car over which Roberts had unrestricted use. The following language of the Court at page 103 of the opinion in 226 So.2d in which it distinguished *Pearson*, supra, is significant:

"We think, however, that there is a distinction between the action of a house guest in stealing into his host's bedroom and appropriating the keys to a car, and those of a daughter of the household in using a car that has apparently been left at the home from time to time and used by other members of the household. As noted, the keys were kept on the dresser at all times when not in use by the father or the stepmother; and to a thirteen-year-old girl accustomed to driving her grandmother's car, this must have seemed like an open invitation to use the car to drive to the grocery store.

We think that, in the circumstances here, there was a genuine issue of fact as to whether or not the daughter was guilty of 'a species of conversion or theft' in taking the keys and driving the car to the grocery store."

It is clear to this Court that, under the factual situation here presented, *Pearson*, supra, rather than *Thomas*, supra, is controlling and should be here applied.

■ Plaintiffs also contend there is here presented sufficient evidence on the question whether Patricia Lee was negligent in leaving her car keys under the front seat of the car, and if so, whether such negligence was the proximate cause of the accident, to require denial of the motion for summary judgment. Here, the facts are also undisputed, and are susceptible only of an inference justifying the conclusion that, as a matter of law, the leaving of the car keys under the front seat of the car was not negligence, under the law of Florida.

Moreover, regardless whether the action of Patricia Lee in leaving her car keys under the front seat of the car is, of itself, prima facie negligence, the Court also finds the facts here are not disputed, and are susceptible of only one inference, so that the issue of proximate cause becomes, under Florida law, a matter of law for the Court to determine.

Under these Florida decisions, such action on the part of Patricia Lee could not be the proximate cause of injury, because the taking of the car by Libby was unforeseeable, with any injuries due solely to the negligent operation by her, as an unauthorized person of the automobile, so that the chain of causation was broken. Lingefelt v. Hanner, supra; Bryant v. Atlantic Car Rental, Inc., supra.

Summary final judgment for Defendants will be entered in accordance with this opinion.