JOSEPH CWIKLINSKI, Indiv. and as Father and Next Friend of Joseph Cwiklinski, a Minor, *et al.*, Plaintiffs-Appellants, v. PATRICIA JENNINGS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 1—94—0528

Opinion filed October 7, 1994.—Rehearing denied November 3, 1994.

Lawrence W. Judd, of Orland Park, for appellants.

David W. Ott, of Ott & Platt, of Chicago, for appellees.

JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Joseph Cwiklinski brought suit against Patricia Jennings, John Jennings and Joey Fass on behalf of his minor sons Joseph and Phillip after the boys were injured in an automobile accident. The trial court granted defendant Patricia Jennings' motion to dismiss the count directed against her, count III. Plaintiff appeals.

On May 25, 1991, Joseph and Phillip were passengers in a vehicle being driven by Robert Krouldis. As they proceeded west on 107th Street in Palos Hills, they collided with a car owned by Patricia Jennings, but being operated by her brother's friend Joey Fass. Joseph and Phillip both sustained personal injuries. Count III of plaintiff's complaint alleged that Patricia negligently failed to take any precautions to prevent her brother John from stealing her car although she knew he had taken it without permission on five previous occasions, did not have a valid driver's license and was a recovering alcoholic. Patricia filed a motion to dismiss count III of plaintiff's complaint and the trial court granted the motion. Plaintiff appeals, and we affirm.

Plaintiff alleges that Patricia had a duty to prevent the unauthorized use of her car by her brother by virtue of her knowledge that John's license had been revoked, that he was "extremely ill with alcoholism" and that he had taken her car without permission five times in the past. The parties have referred us to Illinois cases addressing a car owner's duty when he or she leaves the car keys in the ignition and a thief steals the car and causes an accident. In such cases, courts look for "special circumstances" which would put the owner on notice that the car was likely to be stolen. In *Ruyle v. Reynolds* (1976), 43 Ill. App. 3d 905, 357 N.E.2d 804, the defendant parked his car in a food store parking lot and left his doors unlocked and the keys in the ignition. The court reversed the dismissal of plaintiff's negligence count, holding that plaintiff's allegation that "given the neighborhood of the parking lot it was foreseeable that a thief would steal" the car was sufficient to allege "special circumstances which, if proved, may have made the theft here foreseeable." (*Ruyle*, 43 Ill. App. 3d at 909.) In *Lorang v. Heinz* (1969), 108 Ill. App. 2d 451, 248 N.E.2d 785, the car owner left his car in a privately owned parking lot of a shopping center with the motor running. The court reversed the jury verdict that had been entered in plaintiff's favor since there was no evidence of special circumstances sufficient to raise a duty to anticipate criminal acts of the third person. In *Hensler v. Renn* (1988), 166 Ill. App. 3d 819, 520 N.E.2d 1110, the plaintiff left his van in a store parking lot with the doors unlocked and the keys in the ignition. The court affirmed summary judgment in defendant's favor after finding that the owner of the stolen vehicle was not liable for common law negligence since special circumstances did not put the defendant on notice that a theft was likely to occur. The court explained:

"An allegation that a particular neighborhood is a high crime area might be a basis for imposing upon a vehicle owner or driver a duty to take keys out of his ignition. We are unwilling, however,

to extend the duty to one who parks his vehicle in an area which is heavily trafficked, as in the instant case, absent additional allegations showing that a theft is likely to occur. Plaintiff's allegation in the amendment to her complaint, stating that there was 'a continuous stream of people arriving and departing on foot as well as by vehicle,' is simply insufficient to constitute special circumstances ***." 166 Ill. App. 3d at 824.

In the instant case, plaintiff claims that his allegations that Patricia knew that her brother's license had been revoked and that her brother is an alcoholic who had taken her car on at least five previous occasions are special circumstances which imposed upon Patricia a duty to take affirmative steps to stop the unauthorized use of her vehicle. Plaintiff has not alleged that Patricia left the keys to her car in the ignition. In fact, plaintiff has made no allegation as to how Patricia's brother obtained the keys to her car. Plaintiff simply states that Patricia negligently left her keys accessible to John when she knew or should have known that he had driven her car in the past without her permission and that Patricia failed to "ascertain the whereabouts of a second set of automobile keys which she previously knew were located in the house after the prior occasions when her vehicle was taken."

In out-of-State cases cited by plaintiff, the complaints alleged that the keys, while not left in the ignition, were left in a place easily accessible to a thief and that there were other special circumstances which would have put the owner of the car on notice that a crime was likely to occur. (See *Hill v. Yaskin* (1977), 75 N.J. 139, 380 A.2d 1107 (summary judgment in favor of automobile owner reversed where parking lot operator left keys over sun visor or under floor mat while car was parked in a high crime area); *Schwartz v. American Home Assurance Co.* (Fla. 1978), 360 So. 2d 383 (summary judgment in favor of automobile owner reversed where the owner left his vehicle unlocked, the keys in an open glove compartment and alcohol in plain sight while the car was parked in an area containing numerous lounges); *Martin v. Fowler* (1971), 36 Mich. App. 725, 194 N.W.2d 524 (summary judgment in favor of defendant reversed where plaintiff alleged that a gas station owner left keys for a car brought in for repair hanging on a keyboard which was easily accessible to the public and where a suspicious looking person was seen looking at the keys); *Illinois Farmers Insurance Co. v. Tapemark Co.* (Minn. 1978), 273 N.W.2d 630 (summary judgment in favor of defendant reversed where the driver put his keys in the trunk of his car and left his car doors and glove compartment unlocked and plaintiff alleged that young people were around the parked car).) In each of those

cases, the court found that the plaintiff had alleged some act or omission on the part of the defendant which permitted the thief easy access to the car keys, in addition to some other special circumstance which created an unreasonable risk that the car would be stolen. None of these cases required the car owner to take extraordinary measures to see that the car would not be stolen. Rather, they required that the owner not leave the car keys easily accessible while the car is parked in a high crime area or where someone likely to steal the car is present.

■ In order to impose a duty upon an owner, it is insufficient to allege simply that the owner left the car keys easily accessible to a thief, without alleging any other special circumstance giving the car owner reason to believe that there was an unreasonable risk that the car would be stolen. In *Broom v. James Lee Motor Co.* (1970), 318 F. Supp. 867, and *Scott v. McCrocklin* (La. Ct. App. 1947), 29 So. 2d 619, the keys were accessible to the thief, but there were no special circumstances leading the owners to foresee that the persons who stole the cars were likely to do so. In *Broom*, the defendant left her car keys under the front seat of her car. The babysitter took the keys and drove the car without defendant's permission. The court determined that as a matter of law it was unforeseeable that the babysitter would steal the car since defendant never gave the babysitter authority or permission to drive the car, did not know the babysitter knew how to drive and had never seen her drive. Similarly, in *Scott*, where the defendant left his keys in a desk drawer in his bedroom, the court found that plaintiff made no showing that defendant had any indication that a household resident intended or was likely to use the car.

■ In order to state a claim, plaintiff had to allege both that Patricia committed some act or omission which made the car keys easily accessible to her brother and that it was reasonably foreseeable to Patricia that her brother would take her car, give it to a friend of his who would drive it negligently and cause an accident. Unlike the defendants in *Broom* and *Scott*, plaintiff here raised an issue of fact as to whether Patricia knew that her brother was likely to take her car and drive it negligently because he had taken her car without permission in the past and was an alcoholic who had lost his license. However, it was not Patricia's brother who was driving the car at the time of the accident, but her brother's friend, Joey Fass. There is no indication that Patricia had any knowledge that her brother's friend had a propensity to steal the car or that he would drive it negligently. Furthermore, plaintiff has failed to allege that Patricia committed any act or omission which contributed in any way to Patricia's

brother or his friend gaining access to the car. Plaintiff has made no factual allegation concerning any act or omission of Patricia that permitted Patricia's brother to obtain access to the car keys. None of the cases cited above impose a duty upon the owner of the car to take extraordinary measures to prevent the theft of the car by installing an anti-theft device. Furthermore, while plaintiff seeks to hold Patricia liable for failing to report her car as stolen, we have found no legal basis for imposing such a duty upon her. We therefore affirm the trial court order granting summary judgment in Patricia's favor.

Affirmed.

GORDON and COUSINS, JJ., concur.