682 So.2d 1200 (1996)
Virgilio DUARTE, Appellant,
v.
Mary WETZEL and Thomas Wagner, Appellees.
No. 95-1897.
District Court of Appeal of Florida, Fourth District.
November 13, 1996.
Leonard G. Rubin of Josias & Goren, P.A., Fort Lauderdale, for appellant.
Anthony Di Matteo and Sherri Lynn Mullins of Gaebe, Murphy, Mullen & Antonelli, West Palm Beach, for appellees.
GROSSMAN, MEL, Associate Judge.
Appellant, Virgilio Duarte (hereinafter Duarte), filed a complaint against Appellees, Mary Wetzel (hereinafter Wetzel) and her grandson, Thomas Wagner (hereinafter Wagner), alleging that Wagner struck a vehicle driven by Duarte while operating a vehicle owned by Wetzel. Although Wagner was eighteen years old at the time of the accident, he did not have a driver's license. Duarte alleged that Wagner was operating the vehicle with the express or implied consent of Wetzel, his negligence was the proximate cause of the injuries sustained by him and she is therefore liable under the dangerous instrumentality doctrine.
Under this doctrine, an owner who gives authority to another to operate the owner's vehicle, by either express or implied consent, has a nondelegable obligation to ensure that the vehicle is operated properly.
Hertz Corp. v. Jackson, 617 So.2d 1051, 1053 (Fla.1993).
There is no dispute as to ownership of the vehicle as Wetzel admitted that she owned the car. There is also no dispute that Wagner was operating the vehicle at the time of the accident without a driver's license.
The trial court granted summary judgment in favor of appellees finding that Wetzel was not liable for the accident caused by Wagner as she did not consent, either expressly or impliedly, to the use of the vehicle by Wagner. Appellant argues that the trial court erred in entering a final summary judgment in favor of appellees in that a material issue of fact exists as to whether or not Wagner had implied permission to use Wetzel's vehicle on the night of the accident.
*1201 Wagner and his mother resided with Wetzel, who, because of ill health, was unable to drive. Wetzel testified that he did not have her permission to use the vehicle on the night in question, but stated that she had allowed him to drive the car, with her in it, on rare occasions. She stated that she never gave him permission to drive the car without her.
While Wagner testified that he had driven the car on short trips on approximately four or five occasions with Wetzel's permission, he also stated that he had taken the car twice without permission. On one of these occasions he was caught and told not to drive without his grandmother in the car and not to drive without permission. He also testified that although the car keys were left exposed on a desk in the kitchen, he knew that he did not have permission to take the car.
Summary judgment should be granted when the facts are so clear that there remains nothing but questions of law. Moore v. Morris, 475 So.2d 666 (Fla.1985).
Where a person operates a vehicle without the express consent of the owner and contrary to specific instructions of the owner, there is no implied consent. Martinez v. Hart, 270 So.2d 438 (Fla. 3d DCA 1972); Allen v. Shows, 532 So.2d 1304 (Fla. 2d DCA 1988). We find these cases controlling.
The uncontroverted facts are that Wagner was specifically told not to drive the car without permission and without Wetzel in the car. At no time was Wagner permitted to take the car out alone, and he was aware that he was not permitted to do so.
The case of Thomas v. Atlantic Associates, Inc., 226 So.2d 100 (Fla.1969), relied on by appellant, is distinguishable from the instant case. In Thomas, the Florida Supreme Court reversed a summary judgment in favor of the owner of a vehicle, holding that there was a genuine issue of fact:
[T]o a thirteen-year-old girl accustomed to driving her grandmother's car, this must have seemed like an open invitation to use the car to drive to the grocery store. We think that, in the circumstances here, there was a genuine issue of fact as to whether or not the daughter was guilty of "a species of conversion or theft" in taking the keys and driving the car to the grocery store.
Id. at 103.
However, in Thomas, unlike the instant case, the record contained no prohibition given to the driver. In that case, Roberts' daughter was never instructed not to use the car. Here, the undisputed evidence is that Wagner was specifically told not to use the car without permission and knew that he was not permitted to use the car. Thus, there is no material issue of fact as to consent.
For the reasons stated, the decision of the trial court is hereby affirmed.
AFFIRMED.
STEVENSON, J., concurs.
KLEIN, J., dissents with opinion.
KLEIN, Judge, dissenting.
I believe this case is controlled by Thomas v. Atlantic Associates, Inc., 226 So.2d 100 (Fla.1969). In that case the owner, Atlantic Associates, Inc., allowed Henry Roberts the unrestricted use of its vehicle. Shortly after Roberts began using the vehicle, his thirteen year old daughter by a previous marriage came to live with him. When he was not using the vehicle Roberts left the keys on his dresser, and his daughter, who was home alone, took the keys and drove the automobile causing an accident. Roberts was unaware that his daughter had ever driven or knew how to drive, although she had apparently been doing so in a different household. The Florida Supreme Court reversed a summary judgment in favor of the owner and held that consent was an issue of fact.
In my opinion, the facts in the present case are more favorable to the plaintiff on the issue of knowledge and consent than they were in Thomas, since the grandson was eighteen, had driven with his grandmother's consent on several occasions, had driven without her consent and gotten caught, and *1202 she still left the keys in the kitchen. I would hold that consent is an issue of fact.