KELLY, Judge.
Ronald Lee Conklin, Jr., was injured when the car he was driving was hit by a truck driven by Timothy Carroll and owned by Timothy’s brother, Steven Carroll. Conklin sued the Carrolls alleging that Timothy Carroll’s negligent operation of the truck caused the accident and that Steven Carroll, individually and d/b/a Steven M. Carroll Painting, were vicariously liable under the dangerous instrumentality doctrine. The trial court entered summary judgment in favor of Steven Carroll individually and d/b/a Steven M. Carroll Painting, finding that it was undisputed that at the time of the accident, Timothy Carroll was operating the truck without Steven Carroll’s consent. The trial court also denied Conklin’s request to amend his complaint to add a claim for negligence against Steven Carroll. We conclude that the existence of a genuine issue of material fact precluded summary judgment and that the trial court abused its discretion when it refused to let Conklin amend his complaint.
Under the dangerous instrumentality doctrine, an owner who gives authority to another to operate the owner’s vehicle, by either express or implied consent, has a nondelegable obligation to ensure that the vehicle is operated safely. Hertz Corp. v. Jackson, 617 So.2d 1051 (Fla.1993). Knowledge and consent are essen *599 tial elements that must be proven before the owner can be subjected to liability for damages proximately eaused by the driver’s negligence. Tribbitt v. Croum Contractors, Inc., 513 So.2d 1084 (Fla. 1st DCA 1987).
The evidence before the trial court at the summary judgment hearing established that Timothy Carroll was employed by his brother’s painting business and resided with Steven Carroll and his wife. Steven Carroll had given his brother permission to drive the truck but had told him that he was only to use it in connection with his work for the painting business. The truck was kept at the home and the keys were hung on a hook in the kitchen. There was also evidence that on the night of the accident Steven Carroll was at home and awake when Timothy Carroll left with the truck. After reviewing this evidence, the trial court entered summary judgment in favor of the Carrolls concluding that it was undisputed that Timothy Carroll did not have consent to drive the truck on the night of the accident.
In Susco Car Rental System of Florida v. Leonard, 112 So.2d 832, 837 (Fla.1959), the court explained that “while the rule governing liability of an owner of a dangerous agency who permits it to be used by another is based on consent, the essential authority or consent is simply consent to the use or operation of such an instrumentality beyond his own immediate control.” When an owner has consented to the use of his vehicle beyond his immediate control,
only a breach of custody amounting to a species of conversion or theft will relieve an owner of responsibility for its use or misuse. The validity or effect of restrictions on such use, as between the parties, is a matter totally unrelated to the liabilities imposed by law upon one who owns and places in circulation an instrumentality of this nature.
Id. at 835-36. We believe this case is controlled by Susco because the facts before the trial court could support a finding that Timothy Carroll had consent to drive the truck with restrictions. Thus, the issue’ becomes whether Timothy Carroll’s violation of the restrictions' amounts to a species of conversion or theft that will relieve Steven Carroll of responsibility.
The cases Steven Carroll relies on are inapplicable because they involve situations where the owner of the car or truck explicitly directed the negligent driver not to use the car at any time, see, e.g., Duarte v. Wetzel, 682 So.2d 1200 (Fla. 4th DCA 1996); Martinez v. Hart, 270 So.2d 438 (Fla. 3d DCA 1972), or entrusted the car or truck to an employee to use on the job only and the employee went to the job site during nonworking hours- and surreptitiously took the car or truck for personal use. See, e.g., Alford v. Parker’s Mech. Constructors, Inc., 241 So.2d 759 (Fla. 1st DCA 1970); Keller v. Fla. Power & Light Co., 156 So.2d 775 (Fla. 3d DCA 1963). While at first blush this ease might appear analogous to these latter cases, we conclude that this case is distinguishable. In those cases, the car or truck involved was kept at the employer’s place of business and was not accessible to the employee during nonworking hours. - In contrast, in this case the truck was kept at the home where both the employee and employer, who were also brothers, resided. Thus, the truck and the keys were readily accessible to the employee even during nonworking hours.
These facts and the others before the trial court, especially considered in light of the familial relationship between Timothy and Steven Carroll, do not establish as a matter of law that Timothy Carroll’s use of the truck constituted a form of *600 conversion or theft that would relieve Steven Carroll from liability under the dangerous instrumentality doctrine. “The significance of these facts should be weighed by a jury, and not the trial court.” Christenson-Sullins v. Raymer, 765 So.2d 955, 957 (Fla. 1st DCA 2000); see Marshall v. Gawel, 696 So.2d 937 (Fla. 2d DCA 1997). Because genuine issues of material fact remain regarding whether Timothy Carroll’s use of the truck was with Steven Carroll’s consent or whether his actions amounted to a form of conversion or theft, we reverse the summary judgment in favor of Steven Carroll individually and d/b/a Steven M. Carroll Painting.
Conklin also argues that the trial court erred in denying his motion to amend his complaint to add a claim for negligence against Steven Carroll. We agree. “The public policy of Florida is to freely allow amendment of pleadings.” Carter v. Ferrell, 666 So.2d 556, 557 (Fla. 2d DCA 1996); see also Fla. R. Civ. P. 1.190(a) (providing that leave of court to amend pleadings “shall be given freely when justice so requires”). A trial court’s failure to permit amendment constitutes an abuse of discretion unless it is clear that the amendment would prejudice the opposing party, the privilege to amend has been abused, or the amendment would be futile. EAC USA, Inc. v. Kawa, 805 So.2d 1 (Fla. 2d DCA 2001). In this case, the trial court found that the amendment was futile. We disagree.
Conklin contends that Steven Carroll had a duty to exercise reasonable care in allowing others access to the vehicle and that he knew or should have known that his brother used the truck for purposes other than his employment, that he knew of his brother’s prior alcohol and drug abuse, and that he kept the keys to the truck in a place which was readily accessible to anyone residing in his household. The trial court rejected the amendment based on its conclusion that Florida did not recognize a claim for negligent access to a motor vehicle. This was error.
In Thomas v. Atlantic Associates, Inc., 226 So.2d 100 (Fla.1969), Atlantic Associates allowed Henry Roberts to use a car it owned. When Roberts went out of town on a trip, he left the car keys on his dresser. His thirteen-year-old daughter, who had only recently come to live with him, took the keys, drove the car, and was involved in an accident injuring Thomas. Thomas sued Atlantic and Roberts, asserting that Atlantic was liable under the dangerous instrumentality doctrine and that Roberts was liable for negligently leaving the car keys on the dresser. The supreme court found that a jury should be allowed to decide the questions of “whether the father was negligent in leaving the keys on the dresser and failing to inquire of his daughter whether or not she drove a car and then prohibiting her from driving ... as well as the question of whether such negligence was the proximate cause of the accident.” Id. at 103. Even if a car is stolen as a result of the owner’s negligence in allowing access to the keys, if that intervening criminal act was foreseeable, the owner may be held responsible for the subsequent negligence of the thief. Schwartz v. Am. Home Assurance Co., 360 So.2d 383 (Fla.1978); Vining v. Avis Rent-A-Car Sys., Inc., 354 So.2d 54 (Fla.1977). Accordingly, the trial court abused its discretion when it denied Conklin’s request to amend his complaint to include a claim for negligence against Steven Carroll.
Reversed and remanded.
SALCINES and COVINGTON, JJ., Concur.