3--08--0271

Filed February 10, 2009

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2009

| | | |
|---|---|---|
| TODD JOHNSON, | ) | Appeal from the Circuit Court |
| | ) | For the 10th Judicial Circuit |
| Plaintiff-Appellant, | ) | Peoria County, Illinois |
| | ) | |
| v. | ) | No. 06-L-203 |
| | ) | |
| THOMAS BISHOP, ROBERT | ) | |
| SONNEMAKER and DAVID McLEOD, | ) | |
| | ) | Honorable |
| Defendants-Appellees. | ) | Kevin R. Galley, |
| | ) | Judge, Presiding |

PRESIDING JUSTICE O'BRIEN delivered the opinion of the court:

Following his injury in a vehicle collision, plaintiff Todd Johnson brought a suit sounding in negligence against defendants Robert Sonnemaker and David McLeod in which Johnson alleged the defendants were negligent in failing to prevent defendant Thomas Bishop, the driver of the other vehicle involved in the collision, from gaining access to the keys of the vehicle, which belonged to Sonnemaker. Sonnemaker and McLeod filed a motion to dismiss the counts against them under section 2-619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-619 (West 2004)). The trial court granted their motion and Johnson follows with this appeal. We affirm the trial court.

FACTS

On December 3, 2005, plaintiff Todd Johnson was involved in a vehicular collision in which the vehicle he was driving collided with a Ford Taurus driven by defendant Tom Bishop.

Johnson filed an action for negligence against Bishop and defendants Sonnemaker and McLeod. In counts II and III of the complaint, Johnson alleged that on the date of the incident, Bishop stole the Taurus keys and the Taurus from Sonnemaker's residence. Johnson alleged that Sonnemaker and McLeod, who lived with Sonnemaker and possessed a set of keys to the Taurus, were aware that Bishop, their houseguest, was a "person without a permanent residence, and a drug user of crack cocaine." With respect to McLeod, Johnson also alleged that on the date of the collision, McLeod retired for the night and left Bishop awake in the kitchen of the house. Johnson alleged the defendants failed to prevent Bishop from gaining access to the Taurus keys "in light of the unreasonable risk of the car being stolen with *** Bishop staying in [the] house."

Included in the record on appeal is an affidavit sworn to by defendant Sonnemaker. In the affidavit, Sonnemaker attests that the only person, other than himself, who possessed keys to the Taurus was David McLeod, his roommate. According to Sonnemaker, Bishop was never given permission to use the vehicle. Sonnemaker attested that on the evening of December 2, 2005, through December 3, 2005, he did not leave the vehicle keys in the Taurus, which was parked at his residence. Sonnemaker attested the keys were in his possession at that time and were not accessible to Bishop. Sonnemaker stated his keys continued to remain in his possession.

The record also includes a partial transcript of the deposition testimony of Sonnemaker. In his deposition, Sonnemaker stated, in part, that the vehicle keys were never left in plain sight and that in the winter he generally kept his keys in his coat pocket, and if people were around the house, he would "hide them away." Sonnemaker stated that on one or two occasions, McLeod, who had a set of keys to the Taurus, allowed Bishop to drive the vehicle; McLeod accompanied

2

Bishop. Sonnemaker was upset that this had occurred and instructed McLeod not to allow Bishop to drive the vehicle again.

David McLeod was also deposed and a partial transcript of his deposition is included in the record. McLeod stated in his deposition that he allowed Bishop to drive the Taurus on four or five occasions, always with McLeod present. Tom Bishop was "just someone [he] met *** in February of [2005]." McLeod stated that on the evening of December 2 to 3, 2005, he retired for the evening around 9:30 p.m. He was awakened around 1:15 a.m. by noise from the television and when he arose he saw Bishop sitting in the kitchen watching television. After telling Bishop he "need[ed] to go to bed," McLeod returned to bed and fell asleep. McLeod stated that during this time his set of keys to the Taurus was in a bag with his credit cards, cell phone and identification. He never kept the bag in one particular spot; however, on that evening he recalled the bag was inside his lunch box, which he had placed on top of the dryer in the utility porch. McLeod stated he never left the keys in plain sight in the house when Bishop was present. McLeod's keys were recovered at the scene of the collision.

Sonnemaker and McLeod filed a section 2-619 motion to dismiss counts II and III of Johnson's complaint. The trial court granted the defendants' motion and Johnson follows with this appeal.

ANALYSIS

In general, a motion to dismiss made under section 2-619 of the Code admits the legal sufficiency of a plaintiff's complaint but raises defects, defenses, or other affirmative matters that act to defeat the allegations of the complaint. Barrett v. Fonorow, 343 Ill. App. 3d 1184, 1189, 799 N.E.2d 916, 920 (2003); 735 ILCS 5/2-619 (West 2004). As in a review of the trial court's grant of a summary judgment, we review a trial court's dismissal of a complaint under

3

section 2-619 to determine *de novo* whether there is a genuine issue of material fact or whether the defendant is entitled to judgment as a matter of law. Barrett, 343 Ill. App. 3d at 1189, 799 N.E.2d at 921.

Generally, a claim of common law negligence against a vehicle owner that arises from an injury that occurs after the vehicle is stolen and as a result of a vehicular accident involving the stolen vehicle involves circumstances in which the defendant leaves his or her keys in the ignition of the vehicle while the vehicle is parked on private property. Phillips v. Budget Rent-A-Car Systems, Inc., 372 Ill. App. 3d 155, 161, 864 N.E.2d 709, 713 (2007).[1] In these common law negligence cases, Illinois courts have held that no duty exists to a third party injured by the defendant's stolen vehicle absent special circumstances that make the theft foreseeable. Phillips, 372 Ill. App. 3d at 161, 864 N.E.2d at 713. In general, in very few cases have Illinois courts found that the necessary special circumstances to impose a duty on the defendant have been successfully alleged or proved.

In Lorang v. Heinz, 108 Ill. App. 2d 451, 452, 248 N.E.2d 785, 785 (1969), the defendant left his vehicle in the privately owned parking lot of a shopping center with the keys in the ignition and the motor running. The Lorang court of review reversed a jury verdict entered in plaintiff's favor, finding that there was no evidence of special circumstances sufficient to raise a duty to anticipate the criminal acts of the third person. Lorang, 108 Ill. App. 2d at 453, 248 N.E.2d at 786. The Lorang court agreed with the argument of the defendant that under the facts of that particular case, absent special knowledge of a probable imminent theft occurring if defendant left his keys in the ignition, the defendant had no duty to anticipate the subsequent

---

[1]Claims involving vehicles left unattended with the keys and parked on public streets constitute *prima facie* negligence by way of statute. Ruyle v. Reynolds, 43 Ill. App. 3d 905, 907, 357 N.E.2d 804, 806 (1976); 625 ILCS 5/11-1401(West 2004) (Illinois Vehicle Code).

4

independent crime of a thief and his willful or negligent driving (the vehicle was stolen 10 days before the accident). Lorang, 108 Ill. App. 2d at 453, 248 N.E.2d at 786. In making its decision, the court in Lorang noted that every risk which is foreseeable does not create a duty to an injured person. Lorang, 108 Ill. App. 2d at 454, 248 N.E.2d at 787. The Lorang court stated that in addition to the factor of foreseeability, whether a duty exists includes an analysis of the likelihood of injury, the magnitude of the burden guarding against it, and the desirability of placing the burden upon the defendant. Lorang, 108 Ill. App. 2d at 454, 248 N.E.2d at 787. The Lorang court also reasoned that, ordinarily, in the absence of a special relationship between the parties, there is no duty to control the conduct of a third person so as to prevent him from causing harm to another. Lorang, 108 Ill. App. 2d at 456, 248 N.E.2d at 787.

The court in Harper v. Epstein, 16 Ill. App. 3d 771, 773-74, 306 N.E.2d 690, 692 (1974), relying, in part, on the Lorang case, concluded that dismissal of the complaint was proper where the plaintiff alleged no more than that the defendant parking garage left the vehicle owner's keys in the ignition, failed to maintain adequate security so that the vehicle would not be stolen and otherwise negligently managed and controlled the place of business. Harper, 16 Ill. App. 3d at 772, 306 N.E.2d at 691. The Harper court reasoned that no greater duty should be imposed upon the owner of a parking lot than upon the owner of a vehicle parked on private property. Harper, 16 Ill. App. 3d at 774, 306 N.E.2d at 692.[2]

_____

[2] Similarly, the court in Phillips determined that a plaintiff, whose complaint alleged negligence where a Budget rental vehicle was stolen from the rental facility, had failed to establish special circumstances making the theft reasonably foreseeable, notwithstanding the numerous days a year Budget spent litigating criminal activity involving its vehicles. Phillips, 372 Ill. App. 3d at 163, 864 N.E.2d at 715. In contrast, in Hallmark Insurance Co. v. Chicago Transit Authority, 179 Ill. App. 3d 260, 267, 534 N.E.2d 501, 505 (1989), the court considered the fact that the plaintiff alleged the defendant knew of 27 prior thefts from Chicago Transit Authority facilities indicative of

5

In contrast to the above cases, in <u>Ruyle v. Reynolds</u>, 43 Ill. App. 3d 905, 357 N.E.2d 804 (1976), the court reversed the dismissal of plaintiff's negligence count, finding that the plaintiff, in addition to alleging a *prima facie* case of negligence based on a city ordinance, also successfully alleged a common law claim based on the special circumstance that "given the neighborhood of the parking lot," it was foreseeable that a thief would steal a vehicle left unattended in the lot with the keys in the ignition and the doors unlocked. <u>Ruyle</u>, 43 Ill. App. 3d at 909, 357 N.E.2d at 807-08. The <u>Ruyle</u> court, in referring to the decision in <u>Lorang</u>, inaccurately stated the distinction between the two cases was that the <u>Lorang</u> court had found a lack of probable cause between the theft and the subsequent accident. See <u>Hensler v. Renn</u>, 166 Ill. App. 3d 819, 824, 520 N.E.2d 1110, 1112 (1988) (stating that the basis for the <u>Ruyle</u> court's distinction did not exist). [3]

In <u>Hensler</u>, the court returned to the reasoning in <u>Lorang</u>. The plaintiff in <u>Hensler</u> left his van in a store parking lot with the doors unlocked and the keys in the ignition. <u>Hensler</u>, 166 Ill. App. 3d at 820-21, 520 N.E.2d at 1110. The reviewing court affirmed the trial court's grant of summary judgment, finding that there were no special circumstances that put the defendant on notice that a theft was likely to occur. <u>Hensler</u>, 166 Ill. App. 3d at 824, 520 N.E.2d at 1113. The <u>Hensler</u> court distinguished <u>Ruyle</u>, explaining, "[a]n allegation that a particular neighborhood is a high crime area might be a basis for imposing upon a vehicle owner or driver a duty to take keys out of his ignition. We, are unwilling, however, to extend the duty to one who parks his vehicle in an area which is heavily trafficked, *** absent additional allegations showing that a

---

foreseeability sufficient to overcome a motion for summary judgment.

[3] In fact, the <u>Lorang</u> court, pinning its analysis on the issue of duty, specifically stated it was not reaching the question of whether proximate cause included an incident beyond the period of flight. <u>Lorang</u>, 108 Ill. App. 2d at 458-59, 248 N.E.2d at 789.

theft is likely to occur. " Hensler, 166 Ill. App. 3d at 824, 520 N.E.2d at 1112-13. The Hensler court found insufficient to constitute special circumstances the plaintiff's allegation that there was a " 'continuous stream of people arriving and departing on foot as well as by vehicle.' " Hensler, 166 Ill. App. 3d at 824, 520 N.E.2d at 1113.

The case that most closely approximates the instant case is Cwiklinski v. Jennings, 267 Ill. App. 3d 598, 641 N.E.2d 921 (1994). The plaintiff in Cwiklinski alleged that the defendant had negligently failed to take any precautions to prevent her brother from stealing her car, although she knew he had taken it without permission on five previous occasions; he did not have a valid driver's license; and he was a recovering alcoholic. Cwiklinski, 267 Ill. App. 3d at 599, 641 N.E.2d at 922. The court in Cwiklinski referred to previous Illinois cases and noted that the plaintiff in Cwiklinski had not alleged how the defendant's brother obtained the keys to her car; the plaintiff "simply state[d] that [the defendant] negligently left her keys accessible to [her brother] *** and *** failed 'to ascertain the whereabouts of a second set of automobile keys which she previously knew were located in the house.' " Cwiklinski, 267 Ill. App. 3d at 600, 641 N.E.2d at 923. The Cwiklinski court reasoned that to impose a duty upon a vehicle owner it is insufficient to allege simply that the owner left the car keys easily accessible to a thief without alleging any other special circumstances giving the car owner reason to believe there was an unreasonable risk that the car would be stolen. Cwiklinski, 267 Ill. App. 3d at 601, 641 N.E.2d at 923-24.

The Cwiklinski court went on to state that in order to state a claim, the plaintiff had to allege both that the defendant committed some act or omission which made the car keys easily accessible to her brother and that it was reasonably foreseeable to the defendant that her brother would take her car and give it to a friend who would drive it negligently and cause an accident.

7

Cwiklinski, 267 Ill. App. 3d at 601, 641 N.E.2d at 924[4] The court noted as further determinative, the plaintiff's failure to allege the defendant committed any act or omission which contributed to either her brother or his friend gaining access to the car keys. Cwiklinski, 267 Ill. App. 3d at 601-02, 641 N.E.2d at 924. In affirming the trial court's order, the court concluded, in part, that a defendant has no duty to take extraordinary measures to prevent the theft of the car by installing an anti-theft device. Cwiklinski, 267 Ill. App. 3d at 602, 641 N.E.2d at 924.

In the instant case, like the plaintiff in Cwiklinski, Johnson has not alleged any act or omission on the part of Sonnemaker or McLeod which made their car keys easily accessible to Bishop. Johnson has conclusorily alleged only that Sonnemaker and McLeod were negligent in preventing Bishop access to the keys of the car, with the additional allegation that on the night the vehicle was stolen, McLeod retired for the night, leaving Bishop awake in the kitchen. Even in those cases where the accessibility of the car keys is not in doubt because the keys are left in plain sight in the vehicle's ignition switch, courts have not concluded, without more, that the plaintiff has satisfied the requirement to plead special circumstances. In this case, in documentation unrefuted by the plaintiff, Sonnemaker and McLeod attested that when they were not using their car keys, they kept the keys out of plain sight. For this reason alone we could uphold the trial court's ruling.

Johnson also alleged in his complaint that Sonnemaker and McLeod were aware that Bishop was a person without a permanent residence and a drug user of crack cocaine. On appeal,

---

[4]The Cwiklinski court acknowledged the plaintiff had raised an issue of fact as to whether the defendant knew her brother was likely to take her car and drive it negligently because he had taken her car without permission in the past and was an alcoholic who had lost his license; however, the court noted it was not the brother, but the brother's friend, who had been involved in the accident. Cwiklinski, 267 Ill. App. 3d at 601, 641 N.E.2d at 924.

8

Johnson argues that this is a "special circumstance" that gives rise to a duty on the part of Sonnemaker and McLeod. Johnson argues that by allowing Bishop into their home, the defendants brought the risk of high crime to their residence and, therefore, Bishop's theft of the Taurus keys and the Taurus was foreseeable. Johnson has not alleged, however, how this knowledge alone imposed a duty on Sonnemaker and McLeod. There is no allegation in the instant complaint, like that in the complaint in Cwiklinski, that in addition to being an addict, Bishop had in the past demonstrated a propensity to take the vehicle without permission. Here, Johnson's complaint does not allege sufficient facts, taking into consideration the factors of foreseeability, the likelihood of injury, the magnitude of the burden of guarding against it, and the desirability of placing the burden upon the defendants, from which it can be concluded these defendants owed a duty to Johnson to prevent the injury he received as a result of the accident involving the stolen Taurus.

For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

HOLDRIDGE and McDADE, JJ. concur.

9