DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MAUREEN KIFFER,**
Appellant,

v.

**FERREIRA CONSTRUCTION, INC.,**
Appellee.

No. 4D2024-0102

[June 25, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Brett M. Waronicki, Judge; L.T. Case No. 562022CA001875.

Andrew A. Harris of Harris Appeals, P.A., Palm Beach Gardens, for appellant.

Ramon E. Javier and Randy L. Lipkien of Hall Booth Smith, P.C., Miami, for appellee.

ARTAU, J.

The appellant ("the plaintiff") sued the appellee ("the company") for vicarious liability after the company's employee, while permissibly driving a company car, struck the plaintiff's car while under the influence of alcohol. The trial court entered final summary judgment in the company's favor on the ground that the employee's driving under the influence of alcohol violated the company's employment agreement and, in turn, prevented the company from being held vicariously liable under Florida's dangerous instrumentality doctrine. Because a reasonable jury could return a verdict in the plaintiff's favor, we reverse this entry of final summary judgment and remand for further proceedings consistent with this opinion.

**Background**

In June 2022, the company hired the employee as an assistant project manager. As part of his employment, the company gave the employee a company car to drive. When hired, he signed documents stating that he was not to drive the company's car while under the influence of alcohol

and was only "to drive it during work hours for business activities[.]" However, the employee had a verbal agreement with one of his supervisors that the employee could use the company's car "to get to and from work and *whatever needed.*" (Emphasis added).

One day in August 2022, the employee was driving the company's car home from work when he suddenly ran out of gas and had to pull over to the side of the road. He then had a friend help him get the car to the nearest gas station.

After filling up the company's car at the gas station, the employee and the friend stayed at the gas station for about an hour-and-a-half to hang out. While there, the employee drank several sixteen-ounce beers he had just purchased. At the end of the hour-and-a-half, the employee began driving the company's car home again.

Thirty or forty minutes into his drive home, the employee approached a yellow traffic light. He assumed that the car in front of him, driven by the plaintiff, would drive through the light. But the plaintiff stopped at the light, and the employee "couldn't stop fast enough and rear-ended" the plaintiff. The employee was then arrested for driving under the influence and pled no contest to the charge.

The plaintiff later sued both the employee and the company for negligence. The plaintiff asserted that the company was vicariously liable for the employee's negligence.

Eventually, the company moved for summary judgment. In its motion, the company argued that it could not be held liable for the employee's negligence because the employee was not allowed to drive the company's car while under the influence of alcohol.

The trial court ultimately agreed with the company. The trial court concluded that the company could not be held liable for the employee's negligence because the employee's "use of the vehicle on the night of the accident amount[ed] to theft or conversion of that vehicle as [the company] had a specific policy that prohibited his operation of [the company's vehicle] while under the influence of alcohol and [the employee] testified he had no consent to drive it while under the influence." As such, the court granted the company's motion for summary judgment and entered final judgment in the company's favor. This appeal follows.

**Analysis**

The standard of review for an order granting a motion for summary judgment is de novo. *City of Delray Beach v. DeLeonibus*, 379 So. 3d 1177, 1180 (Fla. 4th DCA 2024).

A motion for summary judgment is to be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). "[T]he correct test for [whether a motion for summary judgment can be granted] is whether . . . a reasonable jury could return a verdict for the nonmoving party." *Serrano v. Dickinson*, 363 So. 3d 162, 165 (Fla. 4th DCA 2023) (first alteration in original) (quoting *In re Amends. to Fla. R. Civ. P. 1.510*, 317 So. 3d 72, 75 (Fla. 2021)). In considering this, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *McKee v. Crestline Hotels & Resorts, LLC*, 376 So. 3d 758, 763 (Fla. 4th DCA 2024) (alteration in original) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Under Florida's dangerous instrumentality doctrine, a vehicle owner "who voluntarily entrusts that motor vehicle to an individual whose negligent operation causes damage to another" is strictly and vicariously liable for such negligent operation. *Aurbach v. Gallina*, 753 So. 2d 60, 62 (Fla. 2000) (citing *S. Cotton Oil Co. v. Anderson*, 86 So. 629, 637 (1920)).

An owner entrusts a vehicle to another if he knowingly consents to the other person's possession of it. *See Dockery v. Enter. Rent-A-Car Co.*, 796 So. 2d 593, 596 (Fla. 4th DCA 2001). The owner's consent can either be express or implied. *Aurbach*, 753 So. 2d at 62. Without express or implied consent, no voluntary entrustment exists. *See generally Duarte v. Wetzel*, 682 So. 2d 1200 (Fla. 4th DCA 1996).

This was the situation in *Duarte* where the car's owner specifically told the driver "not to drive the car without permission and without [the owner] in the car." *Id.* In other words, "[a]t *no time* was [the driver] permitted to take the car out alone, and he was aware that he was not permitted to do so." *Id.* (emphasis added). As such, we affirmed the granting of summary judgment in the owner's favor there because no evidence was presented that the car's owner had voluntarily entrusted the car to the driver. *Id.* at 1201.

However, once an owner voluntarily entrusts a vehicle to another, the owner "has a nondelegable obligation to ensure that the vehicle is operated

3

safely." *Aurbach*, 753 So. 2d at 62. This is true even if "the servant, who has the sole custody and control thereof, is *at the time acting willfully, wantonly, and in disobedience to his master's order.*" *Susco Car Rental Sys. of Fla. v. Leonard*, 112 So. 2d 832, 836 (Fla. 1959) (emphasis added); *see also Chandler v. Geico Indem. Co.*, 78 So. 3d 1293, 1298 (Fla. 2011) ("[W]here 'original entrustment' is shown to exist, liability thus imposed on the owner will not be altered because of a departure beyond the scope of authority." (quoting *Am. Fire & Cas. Co. v. Blanton*, 182 So. 2d 36, 39 (Fla. 1st DCA 1966))).

"[W]hile the rule governing liability of an owner of a dangerous agency who permits it to be used by another is based on consent, the essential authority or consent is *simply consent to the use or operation of such an instrumentality beyond his own immediate control.*" *Susco*, 112 So. 32 at 837 (emphasis added). "*Only to that limited extent* is the issue pertinent when members of the public are injured by its operation, and only in a situation where the vehicle is not in operation pursuant to his authority, or where he has in fact been deprived of the incidents of ownership, can such an owner escape responsibility." *Id.* (emphasis added).

Here, unlike in *Duarte*, a reasonable jury could return a verdict in the plaintiff's favor because the company's instruction to not drink alcohol while using its vehicle did not negate its consent for him to otherwise fully possess and use the company car.

### Conclusion

Because a reasonable jury could return a verdict in the plaintiff's favor, the entry of summary judgment in the company's favor was erroneous. Accordingly, we reverse the entry of final summary judgment and remand for further proceedings consistent with this opinion.

*Reversed; remanded for further proceedings consistent with this opinion.*

LEVINE and CONNER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

4